IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1826 RJL |
| RITA M. BANK, | ) |
| Defendant. | ) |

## ANSWER

Defendant Rita M. Bank ("Bank" or "Defendant") responds to the Complaint on knowledge, information and belief as follows:

### Parties and Jurisdiction

1. Admitted.

2. Admitted.

3. Bank admits that the legal services provided by Bank to Stiglitz were substantially performed in Washington, D.C. Bank further admits that she and Stiglitz entered into an agreement on or about August 30, 2005, which agreement speaks for itself regarding the nature and scope of Bank's representation of Stiglitz. Bank denies that the allegations of Paragraph 3 fully and adequately characterize the terms of the agreement.

### Factual Allegations and Claims

4. Admitted.

5. Admitted.

6. Bank admits that Stiglitz and Hannaway separated in approximately late May to early June 2000. Otherwise, denied.

326625 v 1

7. Denied.

8. Denied.

9. Bank admits only that she provided appropriate legal advice regarding settlement and litigation options. Otherwise, denied.

10. Bank admits that Stiglitz opened a new bank account. Bank further admits that she provided appropriate legal advice regarding the treatment of assets and incomes under matrimonial law in the District of Columbia. Otherwise, denied.

11. Bank admits that as of September 1, 2001, Stiglitz accepted a position at Columbia University in New York City as a professor of economics. Bank further admits that she discussed potential venues, including New York and D.C., with Stiglitz, but denies that California was ever a realistic possible forum. Finally, Bank admits that she provided appropriate legal advice regarding the advantages and disadvantages of New York and D.C. as possible venues for proceeding. Bank denies that Paragraph 11 adequately and accurately characterizes either New York or D.C. law. Otherwise, denied.

12. Bank admits that Stiglitz informed her of the possibility that he would be the recipient of the Nobel Prize in economics and that he did not want Hannaway to share in the prize funds. Bank further admits that she advised Stiglitz of the options for proceeding and the pace at which he could reasonably expect to proceed. Otherwise, denied.

13. Bank denies that she advised strongly against filing suit, and affirmatively alleges that she gave Stiglitz appropriate legal advice regarding his options for proceeding. Bank admits that she continued to negotiate with the attorney for Hannaway, Ain, throughout the Fall and Winter of 2001 and into the Spring of 2002, in accordance with Stiglitz's instructions. Otherwise denied.

14. Bank admits that on or about October 13, 2001, Stiglitz was designated as a recipient of the Nobel Prize in economics which resulted in the receipt of prize funds in excess of $300,000.00 in January 2002. Bank further admits that she provided appropriate legal advice regarding the Nobel Prize earnings, Stiglitz's choice to reside in New York and settlement versus litigation options. Otherwise, denied.

15. Bank admits that between January 2000 and July 2002 settlement offers and counter offers were exchanged between Bank and Ain on behalf of their respective clients. Bank further admits that she kept Stiglitz fully informed and educated with regard to the implications of accepting or denying a particular settlement offer. Banks denies she made the decision to accept or reject any particular settlement offer, and affirmatively alleges that Stiglitz chose to consult with others about his case. Bank denies that Paragraph 15 adequately and accurately characterizes either New York or D.C. law. Bank denies the remainder of the allegations in Paragraph 15.

16. Denied.

17. Bank admits that she prepared a draft complaint. Bank denies that she did anything other than follow the express instructions of Stiglitz. Bank denies the remainder of the allegations in Paragraph 17.

18. Bank admits that she never filed suit on Stiglitz's behalf. Bank admits that Stiglitz was served with a pleading filed in New York on or about September 17, 2002. Bank denies that she did anything other than follow the express instructions of Stiglitz. Bank denies the remainder of the allegations in Paragraph 18.

19. Bank admits only that in early Fall 2003 she informed Stiglitz that she and Ain had discussed the possibility of forming a partnership. Bank denies that she told Stiglitz that she

would not be able to represent his interests further. Bank denies the remainder of the allegations in Paragraph 19.

20. Bank lacks knowledge or information sufficient to form a belief as to the conversations that occurred between Hannaway and her counsel or as to Hannaway's response to those conversations. Bank denies that the timing of her meeting with Stiglitz was due to anything other than Stiglitz's unavailability, as Bank requested that Stiglitz meet with her promptly after she and Ain first discussed the possibility of forming a partnership.

21. Bank admits that Stiglitz wrote both <u>Globalization and Its Discontents</u> and <u>Roaring Nineties</u>. Bank lacks knowledge or information sufficient to form a belief as to whether <u>Globalization and Its Discontents</u> was a "global best seller" and as to whether <u>Roaring Nineties</u> was "well received along with other publications authored by Stiglitz in this same time period and thereafter," and on that basis denies those allegations.

22. Bank lacks knowledge or information sufficient to form a belief as to the nature of the New York proceedings, any settlement terms reached in those proceedings, and the defense fees Stiglitz incurred as a result of the New York proceedings, and on that basis denies those allegations. Bank denies that any losses incurred by Stiglitz were a direct or proximate result of her legal advice. Bank denies the remainder of the allegations of Paragraph 22.

23. Bank admits that she held herself out to Stiglitz and the public as an attorney knowledgeable in handling domestic relations and divorce litigation in Washington, D.C. and the Superior Court. Allegations relating to the degree of learning and diligence owed by Bank to Stiglitz constitute legal conclusions to which no response is required. Bank denies any implication that she was not competent to provide advice about the economic consequences of the choice of different venues, and affirmatively alleges that she was competent to provide all

and any advice necessary to represent Stiglitz effectively.  Bank denies the remainder of the allegations in Paragraph 23.

24. Denied.

25. Denied.

26. Denied.

## General Denial

Bank denies each and every allegation of the Complaint not specifically admitted above, and denies any liability whatsoever to Plaintiff.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim is barred by contributory negligence.

2. Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

3. To the extent Plaintiff suffered any damages, which Defendant denies, such damages were caused by the acts or omissions of third parties for whom Defendant is not responsible.

4. Plaintiff's claim is barred by the doctrine of assumption of risk.

5. Plaintiff's claim is barred by the doctrines of estoppel and/or waiver.

                    Respectfully submitted,

                    ROSS, DIXON & BELL, LLP

DATED: October 6, 2005               /s/ Richard A. Simpson
                                                Richard A. Simpson
                                                D.C. Bar No. 411893
                                                Charles A. Jones
                                                D.C. Bar No. 449127
                                                2001 K Street, N.W.
                                                Washington, D.C. 20006-1040
                                                Phone: (202) 662-2000
                                                Fax: (202) 662-2134

                                                *Counsel for Defendant Rita M. Bank*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Notice of Amended Caption was filed electronically with the Court on October 6, 2005, and was served via First Class mail, postage prepaid, this 6th day of October, 2005 on the following counsel of record.

> David G. Whitworth Jr., Esq.
> Whitworth & Trunnell, P.A.
> 2101 Defense Highway
> Crofton, MD  21114

        /s/ Meredith E. Werner
        Meredith E. Werner