# KATSKY | KORINS LLP

MEMBERS OF THE FIRM

ROBERT A. ABRAMS  NEIL S. MILLER
RANDOLPH AMENGUAL  STEVEN H. NEWMAN
DAVID L. KATSKY  STEPHEN J. SWIATKIEWICZ
ADRIENNE B. KOCH  MERYL LYNN UNGER
EUGENE V. KOKOT  MARCY L. WACHTEL
ROY M. KORINS  MARK WALFISH
DENNIS C. KRIEGER  JOEL S. WEISS
THOMAS M. LOPEZ  ELIAS M. ZUCKERMAN
GREGORY K. MARKS

WRITER'S DIRECT DIAL | 212.716.3227
WRITER'S DIRECT FAX | 212.716.3327
WRITER'S EMAIL | mwachtel@katskykorins.com
OUR REFERENCE |

November 15, 2006

**BY FACSIMILE (301) 261-0114**
**AND REGULAR MAIL**

David G. Whitworth, Jr.
Whitworth & Trunnell, PA
2101 Defense Highway
Crofton, Maryland 21114

RE: *Joseph Stiglitz v. Rita Bank*
Case No.: 05-1826 RJL

Dear Mr. Whitworth:

Please accept this letter as a summary of my opinions as they relate to the above captioned matter and the legal standard of care of an attorney practicing matrimonial law in the State of New York. Per your request, I have reviewed the matter styled as *Hannaway v. Stiglitz*, filed in the Supreme Court of the State of New York, County of New York, index number 350584/02, the correspondence and settlement offers between Hannaway and Stiglitz, the expert reports, and numerous depositions. Specifically, I reviewed the following documents:

- April 16, 2002 letter from Rita Bank to Sanford K. Ain
- May 16, 2002 letter from Sanford Ain to Rita M. Bank along with April 19, 2006 supplement
- July 2, 2002 letter from Rita Bank to Sanford Ain with attachments
- August 28, 2002 letter from Rita Bank to Sanford Ain with attachment
- Supreme Court of the State of New York, County of New York, Index No.: 350584/02, Action for Divorce, Summons and Verified Complaint, September 16, 2002
- Supreme Court of the State of New York, County of New York, Index No.: 350584/02, Answer to Action for Divorce, October 30, 2002
- Supreme Court of the State of New York, County of New York, Index No.: 350584/02, Order of Justice Lobis, October 23, 2003
- Supreme Court of the State of New York, County of New York, Index No.: 350584/02, Defendant Joseph Stiglitz's Statement of Proposed Disposition, March 21, 2004
- Supreme Court of the State of New York, County of New York, Index No.: 350584/02, Plaintiff Jane Hannaway's Amended Statement of Proposed Disposition, March 28, 2004

605 Third Avenue New York, NY 10158   PHONE 212.953.6000 FAX 212.953.6899   www.katskykorins.c

EXHIBIT 5

**KATSKY | KORINS LLP**

David G. Whitworth, Jr.
November 15, 2006
Page 2

- Supreme Court of the State of New York, County of New York, Index No.: 350584/02, Stipulation of Settlement, August 4, 2004
- Expert and Valuation Report by BST Valuation and Litigation Advisors, LLC
- Expert Report of Michael Cragg
- Expert Rebuttal Report of Michael Cragg
- BST Valuation and Litigation Advisors, LLC Reply to Expert Report of Michael Cragg
- Klein Lipton Liebman Gresen, LLC's Enhanced Capacity and Enhanced Earnings Report
- Kroll Risk Consulting Billing Statements dated April 1, 2003 – March 10, 2004
- Cambridge Financial Services, LLC Billing Statements dated January 1, 2004 – March 31, 2004
- Klein Lipton Liebman Gresen, LLC Billing Statements dated March 9, 2004 – April 1, 2004
- Superior Court for the District of Columbia, Case No.: 05-0006545, Complaint for Professional Negligence, August 17, 2005
- Defendant's Memorandum of Law in Support of his Motion for Partial Summary Judgment on Enhanced Earning Capacity and Celebrity Status, Index No.: 350584/02
- Plaintiff's Memorandum of Law in Opposition to Defendant's Frivolous Motion for Summary Judgment and In Support of Her Cross-Motion for Counsel Fees and Sanctions, Index No.: 350584/02
- Defendant's Reply Memorandum of Law in Support of His Motion for Partial Summary Judgment, Index No.: 350584/02
- Supreme Court of the State of New York, County of New York, Index No.: 350584/02, Order of Justice Lobis, November 24, 2003
- Deposition Transcript, exhibits and Errata Sheet of Joseph E. Stiglitz, April 21, 2006
- Deposition Transcript, exhibits and Errata Sheet of Joseph E. Stiglitz, July 21, 2006
- Deposition Transcript and exhibits of Alton Abramowitz, Esquire, October 26 2006

Generally, when a client hires an attorney for advice regarding a matrimonial issue, the attorney has a duty to explain the current state of the law and its implications to the client, to determine what the client's exposure is, to advise the client to mitigate or minimize his/her exposure, and to discuss potential venue or jurisdictional issues. Clients residing in or around the New York, New Jersey, and Connecticut tri-state area may have choices regarding jurisdiction and venue. As a rule, a client may be exposed to different legal ramifications depending on the State, and within the State, the judicial department in which his/her case is litigated. When dealing with a high earning businessperson or celebrity, or an individual who has obtained degrees, licenses, certificates, honors, professional accolades and the like, a reasonable attorney must advise the client of the potential implications of enhanced earnings and celebrity status in New York State and specifically in the First Judicial Department in which Manhattan is located. Moreover, an attorney's duty is not limited to litigation; rather an attorney must advise a client regarding settlement options and litigation.

**KATSKY | KORINS** LLP

David G. Whitworth, Jr.
November 15, 2006
Page 3

Specific to the underlying matter between Dr. Hannaway and Dr. Stiglitz, Dr. Stiglitz was exposed to his wife's claims that enhanced earnings or celebrity status were acquired during the marriage and constitute a distributable marital asset, if suit were brought in New York State. In the First Judicial Department there is a great deal of exposure by a litigant in the areas of enhanced earnings and celebrity status. Therefore, the most disadvantageous forum to litigate Dr. Stiglitz's divorce within New York State was the First Judicial Department.

Once suit was filed in the State of New York and in the County of New York, Dr. Stiglitz's New York counsel had a duty to mitigate his damages by aggressively opposing Hannaway's claims of enhanced earnings and celebrity status. However, opposition does not come without cost. Thus, a reasonable New York attorney would hire expert witnesses to complete a financial analysis and evaluation as to the value of Dr. Stiglitz's enhanced earnings and celebrity status and to critique and rebut the opposing parties expert reports. In addition, attorneys' fees in the range of Five Hundred Dollars ($500.00) per hour are reasonable considering the area of practice and the experience of Dr. Stiglitz's New York counsel.

When litigating cases involving claims for enhanced earnings and celebrity status, it is more likely than not a better practice to settle the matters rather than risk trial. In addition to out of pocket expenses for attorneys' fees and expert fees and reports, a client may risk incurring expenses associated with appeals. I reviewed the Stipulation of Settlement, filed August 4, 2004 and the expert report prepared by John R. Johnson. In my opinion, the settlement reached on Dr. Stiglitz's behalf was a reasonable settlement under the circumstances and a reasonable effort to mitigate Dr. Stiglitz's potential exposure.

Thus, in conclusion, an attorney has a duty to exercise reasonable care to that degree of learning and diligence ordinarily possessed by members of their profession practicing in the same or similar circumstances. Specifically, an attorney practicing in New York has a duty to explain the current state of the law and its implications to the client, to determine what the client's exposure is, to advise the client to mitigate or minimize his/her exposure, and to discuss potential venue or jurisdictional issues. After reviewing the matter styled as *Hannaway v. Stiglitz*, filed in the Supreme Court of the State of New York, County of New York, index number 350584/02, I determined that the settlement negotiated on Dr. Stiglitz's behalf was reasonable under the circumstances. Moreover, the hourly rate of Dr. Stiglitz's attorney was a reasonable hourly rate for a New York attorney with similar experience in the area of matrimonial law. In general, the efforts of Dr. Stiglitz's counsel were reasonable efforts to mitigate Dr. Stiglitz's exposure.

Sincerely,

Marcy L. Wachtel