IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RITA M. BANK, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1826 RJL |

## MOTION TO STRIKE THE EXPERT REPORT OF MICHAEL CRAGG AND TO PRECLUDE MICHAEL CRAGG FROM TESTIFYING TO ANY OF THE TOPICS ADDRESSED IN HIS REPORT

Defendant, Rita M. Bank ("Bank"), by and through undersigned counsel, respectfully submits this Motion to Strike the Expert Report of Michael Cragg and to Preclude Michael Cragg From Testifying to Any of the Topics Addressed in His Report.

As addressed more fully in the accompanying memorandum in support, Plaintiff Joseph Stiglitz ("Stiglitz") retained Michael Cragg as an expert. In blatant disregard for the scheduling order agreed upon by the parties and approved by the Court, Stiglitz submitted an Expert Report by Michael Cragg (the "Cragg Report") on November 9, 2007 – only seven days before the close of expert discovery and almost a full year after the deadline for expert witness designations.

Under Fed. R. Civ. P. 16 and Fed. R. Civ. P. 37, courts consider four factors when determining whether or not to impose sanctions in connection with discovery violations. Each of these factors supports the imposition of sanctions against Stiglitz. First, Stiglitz has no excuse for failing to timely submit the report. Second, the testimony is important to Bank's case. In fact, Bank has prepared her defense based, in part, on the lack of a damages report from Stiglitz. Third, Bank would be prejudiced if Stiglitz were permitted to present the untimely Cragg Report

361368 v 1

or related expert testimony. She would be required to expend substantial additional fees to rebut the Cragg Report. In addition, the fees already incurred by Bank in connection with her damages expert will have been wasted, as her expert will have to conduct a new analysis and then redraft almost his entire report. Fourth, another continuance would be unfair and should not be permitted. The case has been pending for more than two years, and Stiglitz did not even seek leave to submit an additional expert report almost a year after the deadline for designating experts. Stiglitz should be required to comply with the Court's orders just like any other litigant.

Bank seeks an order striking the Cragg Report and an award of the fees and costs she has incurred in connection with this Motion. Stiglitz has violated the Court's Orders and the Federal Rules of Civil Procedure, leaving Bank with no choice but to file this Motion. She should not have to bear the costs associated with Stiglitz's failure to timely submit his expert reports.

In the event the Court chooses not to strike the Cragg Report, Bank requests that she be awarded the fees and costs associated with responding to the Cragg Report, and in connection with the belatedly cancelled deposition of her own expert.

Pursuant to Local Rule 7(m), the parties met and conferred and were not able to resolve this dispute.

Respectfully submitted,

DATED: November 27, 2007

     s/ Meredith E. Werner
Richard A. Simpson, D.C. Bar No. 411893
Charles A. Jones, D.C. Bar No. 449127
Meredith E. Werner, D.C. Bar No. 493455
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Phone: (202) 662-2000
Fax: (202) 662-2134

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Strike the Expert Report of Michael Cragg and to Preclude Michael Cragg From Testifying to Any of the Topics Addressed in His Report was filed electronically with the Court on November 27, 2007.

                                                  s/ Meredith E. Werner
                                                  Meredith E. Werner

361368 v 1