# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH E. STIGLITZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-1826 RJL** |
| ) | |
| **RITA M. BANK,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF JOSEPH E. STIGLITZ'S OPPOSITION TO DEFENDANT RITA BANK'S MOTION TO STRIKE THE EXPERT REPORT OF MICHAEL CRAGG AND TO PRECLUDE MICHAEL CRAGG FROM TESTIFYING TO ANY OF THE TOPICS ADDRESSED IN THE REPORT

COMES NOW, the Plaintiff, Joseph E. Stiglitz (hereinafter referred to as "Stiglitz" or "Plaintiff"), by and through his undersigned counsel, David G. Whitworth, Jr. and Toni-Ann DiMaggio of Whitworth & Trunnell, PA, and Linda M. Hamilton, and pursuant to Federal Rule 16(f), 26(a)(3), 26(e), and 37(c), hereby files this Opposition to Defendant Rita Bank's Motion to Strike the Expert Report of Michael Cragg and to Preclude Michael Cragg from Testifying to any of the Topics addressed in the Report.

As addressed more fully in the accompanying Memorandum of Law in Support of Plaintiff Joseph E. Stiglitz's Opposition to Defendant Rita Bank's Motion to Strike the Expert Report of Michael Cragg and to Preclude Michael Cragg from Testifying to any of the Topics addressed in the Report, Plaintiff appropriately and timely designated Michael Cragg as an expert witness, and further, Plaintiff appropriately and timely supplemented Michael Cragg's expert report.

Pursuant to Rule 16(f), Rule 26(a)(3), and Local Rule 16.5, the Plaintiff was in full compliance with the Court's Scheduling Order and thus able to supplement and amend Plaintiff's Expert Witness Designation as it related to Michael Cragg. Further, pursuant to Rule 26(e), Plaintiff had a duty to supplement Plaintiff's Expert Witness Designation at appropriate intervals, and supplementing said report within the expert discovery deadline was appropriate and timely. The Plaintiff did not apply ambush tactics and used reasonable efforts to supplement.

If the Court determines Michael Cragg's report was untimely submitted and/or not supplemental in nature, said error was harmless, as the Court has not scheduled a Pretrial Conference or a trial date. When applying the five-part test under Rule 37(c), adopted from relevant Fourth Circuit authority, to determine whether an expert report should be excluded as a sanction under Rule 37(c), the Plaintiff's conduct does not warrant sanctions. Specifically, Michael Cragg's report was not a surprise to the Defendant and the parties could easily cure any alleged surprise without disrupting the trial. Additionally, the report is important to Plaintiff's case. *See Rambus, Inc. v. Infineon Technologies, et al*, 145 F. Supp. 2d. 721, 727 (D. E.D. Va., 2001), citing *Burlington Insurance Co. v. Shipp*, 215 F. 3d. 1317 (4th Cir. 2000, unpublished).

However, assuming *arguendo* the Court wishes to impose sanctions against the Plaintiff, precluding the expert report or Michael Cragg's testimony would be inappropriate. Rather, if the Court is inclined to impose sanctions, the Court should only require the Plaintiff to pay Michael Cragg's expert witness fees associated with the deposition.

Dated: December 14, 2007                    Respectfully submitted,

                                                                                s/ David G. Whitworth, Jr.

David G. Whitworth, D.C. Bar No. 224139
Toni-Ann DiMaggio, D.C. Bar No. 490860
WHITWORTH & TRUNNELL, P.A.
2101 Defense Highway
Crofton, MD 21114
(410) 793-3977
dwhitworth@wstlaw.com
tdimaggio@wstlaw.com

                                          s/ Linda M. Hamilton

Linda M. Hamilton, D.C. Bar No. 336446
1300 Mercantile Lane, Suite 149
Largo, Maryland 20774
(301) 925-7833
PGLAWI@aol.com

*Attorneys for Plaintiff*

### <u>CERTIFICATE OF SERVICE</u>

I, David G. Whitworth, Jr., hereby certify that a copy of the foregoing Opposition to Defendant Rita Bank's Motion to Strike the Expert Report of Michael Cragg and to Preclude Michael Cragg from Testifying to any of the Topics addressed in the Report was filed electronically with the Court on December 14, 2007.

                                                  s/ David G. Whitworth, Jr.

David G. Whitworth, D.C. Bar No. 224139