IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1826 RJL |
| RITA M. BANK, | ) |
| Defendant. | ) |

**PLAINTIFF JOSEPH E. STIGLITZ'S MOTION TO
PRECLUDE THE EXPERT TESTIMONY OF CATHERINE ROSS**

COMES NOW, the Plaintiff, Joseph E. Stiglitz (hereinafter referred to as "Stiglitz" or "Plaintiff"), by and through his undersigned counsel, David G. Whitworth, Jr. and Toni-Ann DiMaggio of Whitworth & Trunnell, PA, and Linda M. Hamilton, and Rule 702 of the Federal Rules of Evidence, hereby files this Motion to Preclude the Expert Testimony of Catherine Ross.

As addressed more fully in the accompanying Memorandum of Law in Support of Plaintiff's Motion to Preclude the Expert Testimony of Catherine Ross, the Court should strike Catherine Ross' (hereinafter "Ross") expert report and preclude her from testifying at trial. Specifically, Ross is not licensed to practice law in the District of Columbia and she lacks any relevant experience practicing matrimonial law.  Moreover, Ross does not have relevant experience practicing matrimonial law in New York, and she has never represented a client presented with issues of enhanced earning capacity or celebrity status.  Thus, pursuant to Rule 702 of the Federal Rules of Evidence, Ross' testimony is irrelevant as it is not based on technical or specialized knowledge, and as she has no "reliable basis in the knowledge and experience of

the expert's discipline." *Kumho Tire Co., Ltd., et al v. Carmichael, et al*, 526 U.S. 137, 119 S. Ct. 1167 (1999).

In addition, the Court should strike Ross' expert report and preclude her from testifying as her testimony would usurp the role of the trial judge. Specifically, "an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003), citing *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998). The judge, and not an expert witness, shall instruct the jury as to the law, and "in no instance can a witness be permitted to define the law of the case." *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988).

Lastly, the Court should strike Ross' expert report and preclude her from testifying as Ross lacks sufficient skill, knowledge, and experience to aid the trier of fact, in violation of the three part test set forth in *Dyas v. U.S.*, 376 A.2d 827 (D.C. App. 1977).

For the foregoing reasons, the Plaintiff, Joseph E. Stiglitz, respectfully requests this Honorable Court grant Plaintiff's Motion to Preclude the Expert Testimony of Catherine Ross, filed in the above-referenced case, strike Catherine Ross' expert report, and preclude Catherine Ross from offering opinion testimony at trial.

Respectfully submitted,

　　s/ David G. Whitworth, Jr.
David G. Whitworth, Jr. #224139
Toni-Ann DiMaggio #490860
WHITWORTH & TRUNNELL, P.A.
2101 Defense Highway
Crofton, Maryland 21114
Phone: (410) 793-3977
dwhitworth@wstlaw.com
tdimaggio@wstlaw.com

Linda Hamilton, Bar No. 336446
LAW OFFICE OF LINDA HAMILTON
1300 Mercantile Lane, Suite 149
Largo, Maryland 20774
(301) 925-7833
*PGLAWI@aol.com*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Preclude the Expert Testimony of Catherine Ross was filed electronically with the Court and served on opposing counsel on April 2, 2008.

                               s/ David G. Whitworth, Jr.
                               David G. Whitworth, Jr. # 224139