IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1826 RJL |
| ) | |
| RITA M. BANK, ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JOSEPH E. STIGLITZ'S MOTION TO PRECLUDE THE EXPERT TESTIMONY OF CATHERINE ROSS**

Plaintiff, Joseph E. Stiglitz (hereinafter referred to as "Stiglitz" or "Plaintiff"), by and through his undersigned counsel, David G. Whitworth, Jr. and Toni-Ann DiMaggio of Whitworth & Trunnell, PA, and Linda Hamilton, and hereby files this Memorandum of Law in Support of Plaintiff's Motion to Preclude the Expert Testimony of Catherine Ross.

**BACKGROUND FACTS**

This matter arises out of a legal malpractice action wherein the Plaintiff alleges the Defendant breached the standard of care when representing the Plaintiff's interests in his divorce case. Specifically, the Plaintiff alleged the Defendant breached the applicable standard of care when she: (i) failed to negotiate a settlement of the Plaintiff's divorce in the District of Columbia; (ii) failed to file suit in the District of Columbia before the Plaintiff established residency in an alternate jurisdiction; (iii) failed to advise the Plaintiff of the potential ramifications of establishing residency in the State of New York and in Manhattan; and (iv) failed to protect the Plaintiff from the enhanced earnings and celebrity status consequences he

faced in New York. (*See* Plaintiff's Expert Witness Designation) Plaintiff is a world-renowned economist, professor, international bestselling author, and a Nobel Prize Winner in Economics.

On February 8, 2007, the Defendant disclosed their expert witnesses, including Catherine J. Ross (hereinafter referred to as "Ross"), a purported expert on the distinctions between District of Columbia law and New York law as they related to Plaintiff's divorce and the treatment of his Nobel Prize. (*See* page 2 of exhibit 4 to Defendant's Expert Witness Designation) Thereafter, on November 14, 2007, Plaintiff's counsel deposed Ross as it related to her experience, background, and opinion regarding the above captioned matter.

## LEGAL REQUIREMENTS FOR QUALIFYING AN EXPERT WITNESS IN A LEGAL MALPRACTICE CASE

Rule 702 of the Federal Rules of Evidence governs the admissibility of all expert testimony, including scientific expert testimony and "testimony based on technical and other specialized knowledge." Fed. R. Evid. 702 (2000). In addition to the principle that expert testimony must be relevant, Rule 702 requires expert testimony to be based on a reliable foundation. Specifically, the Court must insure expert witness testimony rests on "reliable principles and methods," as applied to the facts of the case. Fed. R. Evid. 702. In relevant part, Rule 702 states" "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence…a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto." *Id*. Thus, to be admissible, an expert's opinion must "have a reliable basis in the knowledge and experience of the expert's discipline." *Kumho Tire Co., Ltd., et al v. Carmichael, et al*, 526 U.S. 137, 119 S. Ct. 1167 (1999).

Nevertheless, the Court cannot allow "the use of expert testimony…if it will usurp either the role of the trial judge in instructing the jury as to the applicable law." *Steele v. D.C. Tiger Mkt.*, 854 A.2d 175, 182 (D.C. App. 2004), citing *United States v. Duncan*, 42 F.3d 97, 101 (2d

Cir. 1994).  Thus, "an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003), citing *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998).  Simply stated, the "courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metro Area Transit Auth.*, 324 U.S. App. D.C. 241, 247, 112 F.3d 1207, 1213 (1997), citing *Marx & Co. v. Diners' Club, Inc.,* 550 F.2d 505, 509-10 (2nd Cir.), *cert. denied,* 434 U.S. 861, 54 L. Ed. 2d 134, 98 S. Ct. 188 (1977).  Therefore, "in no instance can a witness be permitted to define the law of the case." *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988).  Moreover, where an "expert's opinion testimony is based upon a premise which is shown to be unsound or faulty, the judge should strike the testimony." *Steele*, 854 A.2d 175 at 958; citing *Franch v. Ankney*, 341 Md. 350, 670 A.2d 951, 958 (Md. 1996); *cf.* 5 Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice §33.17 at 133 (5th ed. 2000) ("In a legal malpractice action, [expert] testimony on issues of law should be precluded.").

      Generally, this jurisdiction applies a three part test, announced by the DC Court of Appeals in *Dyas v. U.S.*, 376 A.2d 827 (D.C. App. 1977), to determine admissibility of expert testimony.  The *Dyas* Court stated the test as follows:

> (1) the subject matter must be so distinctively related to some science, profession, business or occupation *as to be beyond the ken of the average layman*; (2) the witness must have sufficient skill, knowledge, or experience in that field or calling as to make it appear that his opinion or inference *will probably aid the trier in his search for truth*; and (3) expert testimony is inadmissible if the state of the pertinent art or scientific knowledge does not permit a reasonable opinion to be asserted even by an expert.

*Dyas*, 376 A.2d at 832 (emphasis in original).

**ARGUMENT**

I. **CATHERINE ROSS DOES NOT HAVE RELEVANT EXPERIENCE IN THE DISCIPLINE OF THE DISTRICT OF COLUMBIA MATRIMONIAL LAW, AND THUS FEDERAL RULE OF EVIDENCE 702 PREVENTS THE DEFENDANT FROM CALLING CATHERINE ROSS TO TESTIFY AS TO THE RELEVANT STANDARD OF CARE OF AN ATTORNEY PRACTICING DISTRICT OF COLUMBIA MATRIMONIAL LAW.**

The role of an expert witness is not to define legal standards or the law of the case, rather an expert shall give his or her opinion based on individual training and experience. To be admissible, expert testimony must be relevant to the issues presented. *Snyder v. George Washington University*, 890 A.2d 237, 241 (D.C. App. 2006). Relevant evidence is evidence "which tends to make the existence or non-existence of a fact more or less probable than would be the case without that evidence." *U.S. v. Jenkins*, 887 A.2d 1013, 1025 (D.C. App. 2005). In a legal malpractice action, expert testimony is required on the issue of standard of care. *TV Capital Corp., v. Paxson Comm. Corp.*, 894 A.2d 461 at 469 (D.C. App. 2006). Moreover, an expert's training and experience in a particular area is relevant in assessing the reliability of said expert's testimony. *Drevenak v. Abendschein*, 773 A.2d 396, 418-19 (D.C. App. 2001); *Travers v. District of Columbia*, 672 A.2d 566, 572 (D.C. App. 1996).

The Defendant retained Ross to testify regarding the distinctions between District of Columbia law and New York law as they related to Plaintiff's divorce and the treatment of his Nobel Prize. (*See* page 2 of exhibit 4 to Defendant's Expert Witness Designation) However, the Plaintiff's Nobel Prize only contributes to a portion of the Plaintiff's overall celebrity status. Ross fails to address the Defendant's alleged breaches of the standard of care, through experience, and thus, Ross' testimony is not relevant to the applicable standard of care and should be precluded. At issue in this case is whether Bank breached the standard of care owed to Stiglitz by failing to act with a degree of care and skill that a reasonably competent attorney

acting under similar circumstances would use by failing to negotiate a timely divorce settlement in the District of Columbia, as well as failing to file suit in the District of Columbia before Stiglitz established residency in an alternate jurisdiction.  (*See* Plaintiff's Expert Witness Designation)

Rule 702 requires the Court to "insure that an expert witness' testimony rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire Co., Ltd.,* 526 U.S. at 137, 119 S. Ct. at 1167.  Ross's deposition demonstrates her lack of knowledge and practical experience in the District of Columbia.  Specifically, when asked about her qualifications to practice matrimonial or family law in the District of Columbia, Ross responded as follows:

> Q: Do you have a DC [bar] license?
>
> **A: No, I don't.**
>
> Q: Have you ever practiced law in the District of Columbia?
>
> **A: No.**

(Dep. of Ross, p. 6:15-19, attached hereto as Exhibit A.)  When asked whether Ross had ever represented a client pro bono in the District of Columbia, Ross responded "I'm not licensed in the District.  I wouldn't practice in the District without a license." (Dep. of Ross, p. 17:20-21; p. 18:1)  Moreover, Ross characterized "her knowledge of DC law…as an academic and not as a practitioner." (Dep. of Ross, p. 63:19-20)  Ross has no experience practicing law in the District of Columbia for which to base a legal opinion on the standard of care for an attorney practicing matrimonial law in the District of Columbia.  Nevertheless, the Defendant seeks to offer Ross as an expert qualified to opine as to District of Columbia matrimonial law.

In violation of Federal Rule of Evidence 702, Ross' expert witness testimony does not rest on a reliable foundation or "reliable principles and methods" and is therefore irrelevant to

the present case. Fed. R. Evid. 702. The Court cannot allow a law professor who lacks a license to practice law in the District of Columbia to opine as to District of Columbia matrimonial law, as to what a District of Columbia Court would have done had the matter been litigated in the District of Columbia, or as to the relevant standard of care of an elite attorney practicing under the same or similar circumstances.

   II.   **CATHERINE ROSS DOES NOT HAVE RELEVANT EXPERIENCE IN THE DISCIPLINE OF NEW YORK MATRIMONIAL LAW, AND THUS FEDERAL RULE OF EVIDENCE 702 PREVENTS THE DEFENDANT FROM CALLING CATHERINE ROSS TO TESTIFY AS TO THE RELEVANT STANDARD OF CARE OF AN ATTORNEY PRACTICING NEW YORK MATRIMONIAL LAW.**

In addition to the issues regarding District of Columbia law, at issue is whether the Defendant failed to advise the Plaintiff of the potential ramifications of establishing residency in the State of New York and in Manhattan, and failed to protect the Plaintiff from the enhanced earnings and celebrity status consequences he faced in New York. (*See* Plaintiff's Expert Witness Designation) Just as Ross lacks the qualifications and experience to testify as to District of Columbia matrimonial law, Ross lacks a reliable basis to testify as to New York matrimonial law, and specifically the areas of enhanced earnings and celebrity status. When asked about her experience litigating matrimonial law cases in the State of New York, Ross reflected on her position as an associate attorney more than ten (10) years prior, and responded as follows:

   Q:   And as a litigation associate [in New York], were you predominantly handling matrimonial-related cases?

   **A:   No….The bulk of the practice was corporate law, but I did handle some matrimonial matters, none of which went to litigation.**

   Q:   So they were like negotiated settlements?

   **A:   Exactly.**

   Q:   And none of them were actually filed as a suit in Court?

| | | |
|---|---|---|
| A: | Not to my recollection. | |
| Q: | Did any of those…clients or their spouses have issues that involved enhanced earning capacity? | |
| A: | No. | |
| Q: | Did any of those clients have issues involving celebrity status? | |
| A: | No. | |
| Q: | Have you ever worked on a case….where you were the lawyer involving either of those issues? | |
| A: | No. | |

(Dep. of Ross, p. 7:7-18; p. 8:2-12)

When asked whether Ross ever compared "projected outcomes for litigants regarding the issues of enhanced earnings capacity or celebrity status, comparing the District of Columbia law and the New York law," whether through a presentation or lecture, Ross responded "no. That really wouldn't come up." (Dep. of Ross, p. 21:8-14)  Therefore, in addition to the fact that Ross has no practical experience or expertise in practicing law in the District of Columbia, let alone practicing among the District of Columbia's elite attorneys, Ross has no practical experience or expertise regarding litigating a matrimonial case in New York.  Moreover, Ross has no practical experience or expertise for which to base a legal opinion regarding the alleged errors or omissions of the Defendant.

    **III.**    **THE COURT SHOULD STRIKE CATHERINE ROSS' EXPERT REPORT AND PRECLUDE HER FROM TESTIFYING AS CATHERINE ROSS' TESTIMONY WOULD USURP THE ROLE OF THE TRIAL JUDGE.**

The Court must preclude a purported expert witness from defining "the law of the case." *Specht,* 853 F.2d at 810.  Further, the Court must strike a purported expert's opinion testimony

when said testimony is not based upon sound experience, but rather attempts to define the law of the case.  Mallen & Smith, §33.17 at 133.

The Defendant retained Ross to testify regarding the distinctions between District of Columbia law and New York law as they related to Plaintiff's divorce and the treatment of his Nobel Prize.  (*See* page 2 of exhibit 4 to Defendant's Expert Witness Designation)  However, by her own admission, Ross lacks any experience practicing law in the District of Columbia, litigating matrimonial cases in New York, and representing clients in matters involving the issues of celebrity status and enhanced earning capacity.  (*See* Dep. of Ross, exhibit A)  Rather, Ross acknowledges she is a law school professor, who is "regarded as focusing more on issues concerning children."  (Dep. of Ross, p. 15:7-8)  In the last five (5) years, Ross taught a family law course, evidence, and a seminar on constitutional issues that bear on families and children.  (Dep. of Ross, p. 15:17-21)  By her own admission, Ross acknowledges she has not taught advanced courses on family law.  (Dep. of Ross, p. 16:12-14)  While the vast majority of Ross' academic expertise and publications relate to issues between families and children, it is undisputed that at the time of Plaintiff's separation and divorce, matters regarding children were not at issue.  Additionally, Ross admits she was only "familiar with the notion of celebrity status in New York," before "having researched it completely."  (Dep. of Ross, p. 48:6-8)

Expert witnesses in a legal malpractice case "may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Christiansen,* 332 F.3d at 1283.  Rather, the "courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."  *Burkhart,* 324 U.S. App. D.C. at 247, 1122 F.3d at 1213.  In this case, Ross' deposition testimony generally fails to address the applicable standard of care owed by attorneys

to their clients when representing clients exposed to enhanced earnings and celebrity status. Instead of testifying regarding the applicable standard of care, Ross attempts to 'opine' as to the distinction between District of Columbia and New York matrimonial law. When asked about her initial conversation with Defendant's counsel regarding her retention as an expert witness, Ross stated:

> **A:    …When he told me that it was a legal malpractice case, involving issues such as standards of care, I said that I would not be the right expert for that question.**
>
> **…**
> **Q:    So your expertise was focused purely in a legal question of analysis of law?**
>
> **A:    Yes.**

(Dep. of Ross, p. 54:19-21; p. 55:1-2, 14-16)  Ross admits the Defendant retained her to answer a "pure legal question…about family law in the two jurisdictions." (Dep. of Ross, p. 55:10-13) Ross further stated:

> **A:    The only question I was asked was what is the difference in law in the two jurisdictions. What difference would it have made to the outcome if they had proceeded in DC as opposed to New York. I was not asked about the timing.**

(Dep. of Ross, p. 69:5-9)  When asked whether she was "aware of what the practice is among the matrimonial law judges in the District of Columbia," Ross responded "No. I was asked to comment on the law and not the practice by judges." (Dep. of Ross, p. 116:9-13)

Ross is not familiar with representing clients in a divorce in the District of Columbia, with litigating a matrimonial case in New York, or with advising clients regarding the potential outcome or exposure to an enhanced earnings or celebrity status case. Alternatively, Ross is a law professor; she studies and researches developments in law. Therefore, Ross' report should be stricken and she should be precluded from testifying at trial because her testimony will not aid

the trier of fact in establishing the applicable standard of care of what a reasonable attorney, with similar experience, and acting under similar circumstances would do. Ross does not offer the Court an expert opinion, she merely offers the Court legal argument better served in a memorandum of law.

    IV.    **THE COURT SHOULD STRIKE CATHERINE ROSS' EXPERT REPORT AND PRECLUDE HER FROM TESTIFYING AS CATHERINE ROSS LACKS SUFFICIENT SKILL, KNOWLEDGE, AND EXPERIENCE TO AID THE TRIER OF FACT, FAILING THE SECOND PRONG OF THE DYAS TEST.**

Ross' lack of knowledge and experience in matrimonial cases involving issues of enhanced earning and celebrity status, as demonstrated in her deposition, calls into question the reliability of her testimony. *Drevenak,* 773 A.2d at 418 -19; *Travers*, 672 A.2d at 572. Expert testimony is only admissible "if it is likely to aid the trier in the search for truth." *Dyas*, 376 A.2d at 832. This Court has an articulable reason to doubt Ross' competency in the areas of enhanced earning and celebrity status. Per Ross' deposition testimony, Ross has never worked as an attorney on a case where the issues of enhanced earning or celebrity status arose. (Dep. of Ross p. 8:1-12)

Moreover, Ross' testimony fails the second prong of the *Dyas* test, wherein an expert "witness must have sufficient skill, knowledge, or experience in that field or calling as to make it appear that his opinion or inference *will probably aid the trier in his search for truth*." *Dyas*, 376 A.2d at 832 (emphasis in original). Therefore, Ross' report and purported expert testimony should be precluded. As discussed above, Ross lacks the experience and knowledge regarding the standard of care applicable to the Defendant's representation of the Plaintiff in the underlying litigation. When asked about her experience practicing law in the District of Columbia, Ross testified she does not have a license to practice law in the District of Columbia. (Dep. of Ross, p. 6:15-19) Moreover, she testified she had never litigated a divorce case in New York. (Dep. of

Ross, p. 7:7-18; p. 8:2-12) Finally, when asked about representing clients who had exposure to claims of enhanced earnings or celebrity status, Ross admitted she did not have any practical experience. (Dep. of Ross, p. 7:7-18; p. 8:2-12) Because Ross lacks the requisite knowledge and/or experience practicing in the District of Columbia, litigating divorce cases in New York, and advising clients on claims of enhanced earnings and celebrity status, Ross' testimony will not "aid the trier in his search for truth," namely the applicable standard of care in this case. As such, Ross' testimony should be excluded under the *Dyas* test. *Dyas*, 376 A.2d at 832.

## CONCLUSION

For the foregoing reasons, the Plaintiff, Joseph E. Stiglitz, respectfully requests this Honorable Court grant Plaintiff's Motion to Preclude the Expert Testimony of Catherine Ross, filed in the above-referenced case.

                                        Respectfully submitted,
                                          s/ David G. Whitworth, Jr.
                                        David G. Whitworth, Jr. #224139
                                        Toni-Ann DiMaggio #490860
                                        WHITWORTH & TRUNNELL, P.A.
                                        2101 Defense Highway
                                        Crofton, Maryland 21114
                                        Phone: (410) 793-3977
                                        dwhitworth@wstlaw.com
                                        tdimaggio@wstlaw.com

                                        Linda Hamilton, Bar No. 336446
                                        LAW OFFICE OF LINDA HAMILTON
                                        1300 Mercantile Lane, Suite 149
                                        Largo, Maryland 20774
                                        (301) 925-7833
                                        *PGLAWI@aol.com*

                                        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to Preclude the Expert Testimony of Catherine Ross was filed electronically with the Court and served on opposing counsel on April 2, 2008.

                                                  s/ David G. Whitworth, Jr.
                                             David G. Whitworth, Jr. # 224139