IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1826 RJL |
| ) | |
| RITA M. BANK, ) | |
| ) | |
| Defendant ) | |

## REPY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE THE EXPERT TESTIMONY OF CATHERINE ROSS

COMES NOW, the Plaintiff, Joseph E. Stiglitz (hereinafter referred to as "Stiglitz" or "Plaintiff"), by and through his undersigned counsel, David G. Whitworth, Jr. and Lisa M. Goldblatt of Whitworth & Trunnell, PA, and Linda M. Hamilton, and Rule 702 of the Federal Rules of Evidence, hereby files this Reply to Defendant's Opposition to Plaintiff's Motion to Preclude the Expert Testimony of Catherine Ross.

## SUMMARY

Defendant's Opposition to Plaintiff's Motion to Preclude the Expert Testimony of Catherine Ross fails to establish that she is qualified to testify as an expert in the above-captioned matter. Catherine Ross is a law professor, who by her own admission, is not familiar with representing clients in a divorce in the District of Columbia, with litigating a matrimonial case in New York, or with advising clients regarding the potential outcome or exposure to an enhanced earnings or celebrity status case. At issue in this case is whether Bank breached the standard of care owed to Stiglitz by failing to act with a degree of care and skill that a reasonably competent attorney acting under similar circumstances would use by failing to negotiate a timely

divorce settlement in the District of Columbia, as well as failing to file suit in the District of Columbia before Stiglitz established residency in an alternate jurisdiction. Ross' lack of knowledge and practical experience in the District of Columbia does not provide the reliable foundation necessary to testify as an expert.

## LEGAL REQUIREMENTS FOR QUALIFYING AN EXPERT WITNESS IN A LEGAL MALPRACTICE CASE

Rule 702 of the Federal Rules of Evidence governs the admissibility of all expert testimony, including scientific expert testimony and "testimony based on technical and other specialized knowledge." Fed. R. Evid. 702 (2000). In addition to the principle that expert testimony must be relevant, Rule 702 requires expert testimony to be based on a reliable foundation. Specifically, the Court must insure expert witness testimony rests on "reliable principles and methods," as applied to the facts of the case. Fed. R. Evid. 702. In relevant part, Rule 702 states" "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence...a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto." *Id*. Thus, to be admissible, an expert's opinion must "have a reliable basis in the knowledge and experience of the expert's discipline." *Kumho Tire Co., Ltd., et al v. Carmichael, et al*, 526 U.S. 137, 119 S. Ct. 1167 (1999).

Nevertheless, the Court cannot allow "the use of expert testimony...if it will usurp either the role of the trial judge in instructing the jury as to the applicable law." *Steele v. D.C. Tiger Mkt.*, 854 A.2d 175, 182 (D.C. App. 2004), citing *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). Thus, "an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003), citing *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998). Simply stated, the "courtroom comes equipped with a 'legal

expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metro Area Transit Auth.*, 324 U.S. App. D.C. 241, 247, 112 F.3d 1207, 1213 (1997), citing *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2nd Cir.), *cert. denied*, 434 U.S. 861, 54 L. Ed. 2d 134, 98 S. Ct. 188 (1977). Therefore, "in no instance can a witness be permitted to define the law of the case." *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988). Moreover, where an "expert's opinion testimony is based upon a premise which is shown to be unsound or faulty, the judge should strike the testimony." *Steele*, 854 A.2d 175 at 958; citing *Franch v. Ankney*, 341 Md. 350, 670 A.2d 951, 958 (Md. 1996); *cf.* 5 Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice §33.17 at 133 (5th ed. 2000) ("In a legal malpractice action, [expert] testimony on issues of law should be precluded.").

Generally, this jurisdiction applies a three part test, announced by the DC Court of Appeals in *Dyas v. U.S.*, 376 A.2d 827 (D.C. App. 1977), to determine admissibility of expert testimony. The *Dyas* Court stated the test as follows:

> (1) the subject matter must be so distinctively related to some science, profession, business or occupation *as to be beyond the ken of the average layman*; (2) the witness must have sufficient skill, knowledge, or experience in that field or calling as to make it appear that his opinion or inference *will probably aid the trier in his search for truth*; and (3) expert testimony is inadmissible if the state of the pertinent art or scientific knowledge does not permit a reasonable opinion to be asserted even by an expert.

*Dyas*, 376 A.2d at 832 (emphasis in original).

## ARGUMENT

I. **CATHERINE ROSS DOES NOT HAVE RELEVANT EXPERIENCE IN THE DISCIPLINE OF THE DISTRICT OF COLUMBIA MATRIMONIAL LAW, AND THUS FEDERAL RULE OF EVIDENCE 702 PREVENTS THE DEFENDANT FROM CALLING CATHERINE ROSS TO TESTIFY AS TO THE RELEVANT STANDARD OF CARE OF AN ATTORNEY PRACTICING DISTRICT OF COLUMBIA MATRIMONIAL LAW.**

The role of an expert witness is not to define legal standards or the law of the case, rather an expert shall give his or her opinion based on individual training and experience. To be admissible, expert testimony must be relevant to the issues presented. *Snyder v. George Washington University*, 890 A.2d 237, 241 (D.C. App. 2006). Relevant evidence is evidence "which tends to make the existence or non-existence of a fact more or less probable than would be the case without that evidence." *U.S. v. Jenkins*, 887 A.2d 1013, 1025 (D.C. App. 2005). In a legal malpractice action, expert testimony is required on the issue of standard of care. *TV Capital Corp., v. Paxson Comm. Corp.*, 894 A.2d 461 at 469 (D.C. App. 2006) Moreover, an expert's training and experience in a particular area is relevant in assessing the reliability of said expert's testimony. *Drevenak v. Abendschein*, 773 A.2d 396, 418-19 (D.C. App. 2001); *Travers v. District of Columbia*, 672 A.2d 566, 572 (D.C. App. 1996).

The Defendant retained Ross to testify regarding the distinctions between District of Columbia law and New York law as they related to Plaintiff's divorce and the treatment of his Nobel Prize. (*See* page 2 of exhibit 4 to Defendant's Expert Witness Designation) However, the Plaintiff's Nobel Prize only contributes to a portion of the Plaintiff's overall celebrity status. Ross fails to address the Defendant's alleged breaches of the standard of care, through experience, and thus, Ross' testimony is not relevant to the applicable standard of care and should be precluded. At issue in this case is whether Bank breached the standard of care owed to Stiglitz by failing to act with a degree of care and skill that a reasonably competent attorney

acting under similar circumstances would use by failing to negotiate a timely divorce settlement in the District of Columbia, as well as failing to file suit in the District of Columbia before Stiglitz established residency in an alternate jurisdiction. (*See* Plaintiff's Expert Witness Designation)

Defendant's Opposition argues that it is irrelevant that Ross will not testify as to the applicable standard of care as she will offer an "expert opinion addressing the differences between New York and District of Columbia law and how those differences would have affected the outcome of the underlying divorce proceedings." *See Defendant's Opposition* pages 4-5. However, the basis of this litigation is the fact that Defendant failed to properly advise as to the distinction between New York and District of Columbia law and how it would affect the outcome of Plaintiff's divorce. Thus, Ross cannot testify as to the distinctions between New York and District of Columbia law without addressing the standard of care Defendant owed to Plaintiff. Ross's lack of knowledge and practical experience in the District of Columbia and New York fails to provide "a reliable foundation [that] is relevant to the task at hand." *Kumho Tire Co., Ltd.*, 526 U.S. at 137, 119 S. Ct. at 1167.

As Ross' expert witness testimony does not rest on a reliable foundation or "reliable principles and methods" it is therefore irrelevant to the present case. Fed. R. Evid. 702. The Court cannot allow a law professor who lacks a license to practice law in the District of Columbia to opine as to District of Columbia matrimonial law, as to what a District of Columbia Court would have done had the matter been litigated in the District of Columbia, or as to the relevant standard of care of an elite attorney practicing under the same or similar circumstances.

II. **CATHERINE ROSS DOES NOT HAVE RELEVANT EXPERIENCE IN THE DISCIPLINE OF NEW YORK MATRIMONIAL LAW, AND THUS FEDERAL RULE OF EVIDENCE 702 PREVENTS THE DEFENDANT FROM CALLING CATHERINE ROSS TO TESTIFY AS TO THE RELEVANT STANDARD OF CARE OF AN ATTORNEY PRACTICING NEW YORK MATRIMONIAL LAW.**

In addition to the issues regarding District of Columbia law, at issue is whether the Defendant failed to advise the Plaintiff of the potential ramifications of establishing residency in the State of New York and in Manhattan, and failed to protect the Plaintiff from the enhanced earnings and celebrity status consequences he faced in New York. (*See* Plaintiff's Expert Witness Designation) Defendant incorrectly applies the holding in *District of Columbia v. Anderson*, 597 A.2d 1295, 1300 (D.C. 1991), which states that it is "an expert's 'knowledge, skill, training, or education' rather than his or her title, to determine whether the expert can offer an opinion that could aid the trier of fact." *See Defendant's Opposition* page 5. A person's title may not distinguish an expert from a non-expert but the lack of proper licensing and direct experience *does* distinguish an expert from a non-expert.

It is irrelevant that "professors are routinely called upon to offer expert opinions" if that professor does not "have a reliable basis in the knowledge and experience of the expert's discipline." See *Defendant's Opposition* page 7; *see also, Kumho Tire Co., Ltd, et al v. Carmichael, et al*, 526 U.S. 137, 119 S. Ct. 1167 (1999). Therefore, in addition to the fact that Ross has no practical experience or expertise in practicing law in the District of Columbia, let alone practicing among the District of Columbia's elite attorneys, Ross has no practical experience or expertise regarding litigating a matrimonial case in New York. Moreover, Ross has no practical experience or expertise for which to base a legal opinion regarding the alleged errors or omissions of the Defendant.

### III. THE COURT SHOULD STRIKE CATHERINE ROSS' EXPERT REPORT AND PRECLUDE HER FROM TESTIFYING AS CATHERINE ROSS' TESTIMONY WOULD USURP THE ROLE OF THE TRIAL JUDGE.

The Court must preclude a purported expert witness from defining "the law of the case." *Specht,* 853 F.2d at 810. Further, the Court must strike a purported expert's opinion testimony when said testimony is not based upon sound experience, but rather attempts to define the law of the case. Mallen & Smith, §33.17 at 133.

The Defendant's Opposition fails to support her contention that Ross' testimony does not usurp the role of the trial judge. In fact, the Opposition only enhances Plaintiff's argument that not only is she unqualified to testify as to the applicable standard of care, but has only been retained to testify regarding the distinctions between District of Columbia law and New York law as they related to Plaintiff's divorce and the treatment of his Nobel Prize. (*See* page 2 of exhibit 4 to Defendant's Expert Witness Designation) By her own admission, Ross lacks any experience practicing law in the District of Columbia, litigating matrimonial cases in New York, and representing clients in matters involving the issues of celebrity status and enhanced earning capacity. (*See* Dep. of Ross, exhibit A) Ross acknowledges she is a law school professor, who is "regarded as focusing more on issues concerning children." (Dep. of Ross, p. 15:7-8) In the last five (5) years, Ross taught a family law course, evidence, and a seminar on constitutional issues that bear on families and children. (Dep. of Ross, p. 15:17-21) Further, Ross acknowledges she has not taught advanced courses on family law. (Dep. of Ross, p. 16:12-14) While the vast majority of Ross' academic expertise and publications relate to issues between families and children, it is undisputed that at the time of Plaintiff's separation and divorce, matters regarding children were not at issue. Additionally, Ross admits she was only "familiar

with the notion of celebrity status in New York," before "having researched it completely." (Dep. of Ross, p. 48:6-8)

Expert witnesses in a legal malpractice case "may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Christiansen,* 332 F.3d at 1283. Rather, the "courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart,* 324 U.S. App. D.C. at 247, 1122 F.3d at 1213.

Ross is not familiar with representing clients in a divorce in the District of Columbia, with litigating a matrimonial case in New York, or with advising clients regarding the potential outcome or exposure to an enhanced earnings or celebrity status case. Alternatively, Ross is a law professor; she studies and researches developments in law. Therefore, Ross' report should be stricken and she should be precluded from testifying at trial because her testimony will not aid the trier of fact in establishing the applicable standard of care of what a reasonable attorney, with similar experience, and acting under similar circumstances would do. Ross does not offer the Court an expert opinion, she merely offers the Court legal argument better served in a memorandum of law.

### IV. THE COURT SHOULD STRIKE CATHERINE ROSS' EXPERT REPORT AND PRECLUDE HER FROM TESTIFYING AS CATHERINE ROSS LACKS SUFFICIENT SKILL, KNOWLEDGE, AND EXPERIENCE TO AID THE TRIER OF FACT, FAILING THE SECOND PRONG OF THE DYAS TEST.

The Court cannot ignore Ross' lack of knowledge and experience in matrimonial cases involving issues of enhanced earning and celebrity status, as demonstrated in her deposition, calls into question the reliability of her testimony. *See Drevenak v. Abendschein,* 773 A.2d 396, 418-19 (D.C. 2001); *Travers v. District of Columbia,* 672 A.2d 566, 572 (D.C. 1996). Expert testimony is only admissible "if it is likely to aid the trier in the search for truth." *See Dyas*

citing *Jenkins v. United States*, 113 U.S. App. D.C. 300, 306, 307 F.2d 637, 643 (1962). This Court has an articulable reason to doubt Ross' competency in the areas of enhanced earning and celebrity status. Per Ross' deposition testimony, Ross has never worked as an attorney on a case where the issues of enhanced earning or celebrity status arose. (Dep. of Ross p. 8:1-12)

Moreover, Ross' testimony fails the second prong of the *Dyas* test, wherein an expert "witness must have sufficient skill, knowledge, or experience in that field or calling as to make it appear that his opinion or inference *will probably aid the trier in his search for truth.*" *Dyas*, 376 A.2d at 832 (emphasis in original). Therefore, Ross' report and purported expert testimony should be precluded. As discussed above, Ross lacks the experience and knowledge regarding the standard of care applicable to the Defendant's representation of the Plaintiff in the underlying litigation. When asked about her experience practicing law in the District of Columbia, Ross testified she does not have a license to practice law in the District of Columbia. (Dep. of Ross, p. 6:15-19) Moreover, she testified she had never litigated a divorce case in New York. (Dep. of Ross, p. 7:7-18; p. 8:2-12) Finally, when asked about representing clients who had exposure to claims of enhanced earnings or celebrity status, Ross admitted she did not have any practical experience. (Dep. of Ross, p. 7:7-18; p. 8:2-12) Because Ross lacks the requisite knowledge and/or experience practicing in the District of Columbia, litigating divorce cases in New York, and advising clients on claims of enhanced earnings and celebrity status, Ross' testimony will not "aid the trier in his search for truth," namely the applicable standard of care in this case. As such, Ross' testimony should be excluded under the *Dyas* test. *Dyas*, 376 A.2d at 832.

## CONCLUSION

For the foregoing reasons, the Plaintiff, Joseph E. Stiglitz, respectfully requests this Honorable Court grant Plaintiff's Motion to Preclude the Expert Testimony of Catherine Ross, filed in the above-referenced case.

Respectfully submitted,

s/ David G. Whitworth, Jr.

David G. Whitworth, Jr. #224139
Lisa M. Goldblatt #489011
WHITWORTH & TRUNNELL, P.A.
2101 Defense Highway
Crofton, Maryland 21114
Phone: (410) 793-3977
dwhitworth@wstlaw.com
lgoldblatt@wstlaw.com

Linda Hamilton, Bar No. 336446
LAW OFFICE OF LINDA HAMILTON
1300 Mercantile Lane, Suite 149
Largo, Maryland 20774
(301) 925-7833
*PGLAWI@aol.com*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply to Defendant's Opposition to Plaintiff's Motion to Preclude the Expert Testimony of Catherine Ross was filed electronically with the Court and served on opposing counsel on April 25, 2008.

s/ David G. Whitworth, Jr.
David G. Whitworth, Jr. # 224139