IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1826 RJL |
| RITA M. BANK, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR FEES AND COSTS IN CONNECTION WITH THE
CANCELLED DEPOSITION OF EXPERT WITNESS ROBERT F. AUCONE**

Pursuant to the discussion at the status conference held on June 10, 2008, Defendant Rita M. Bank seeks relief in connection with the Plaintiff's eleventh hour decision to cancel the deposition of Robert F. Aucone, CPA, Defendant's damages expert. As explained more fully below, Plaintiff's counsel cancelled Mr. Aucone's deposition approximately 24 hours before it was scheduled to begin, and after Defendant's counsel had already traveled to Denver to prepare with Mr. Aucone. At the status conference, the Court granted Plaintiff leave to take Mr. Aucone's deposition, notwithstanding the last-minute cancellation and the expiration of the discovery period, but stated that Defendant could file a motion seeking fees and costs incurred in connection with the cancelled deposition. The Defendant seeks the $4,598.68 in fees and costs she incurred in connection with the cancelled deposition and the $1,715.00 in fees she incurred in connection with submitting this Motion.

I.  **FACTUAL BACKGROUND**

On September 19, 2007, Plaintiff issued a notice of deposition for Mr. Aucone. *See* Ex. 1. The deposition was noticed for November 13, 2007, at 11 am EST. Mr. Aucone lives and

369777 v 1

works in Denver, Colorado, and Plaintiff's and Defendant's counsel are located in Maryland and Washington, D.C., respectively. Plaintiff's counsel indicated that he wished to conduct the deposition via videoconference and Defendant's counsel agreed. At no time did defense counsel indicate that they planned to defend the deposition remotely. Due to the large number of documents on which Mr. Aucone would potentially be questioned, defense counsel made arrangements to travel to Denver the day before the deposition to prepare for the deposition with Mr. Aucone.

At approximately 10:30 am on November 12, 2007, the day before the deposition was scheduled to begin, Plaintiff's counsel left a message with counsel for the Defendant, indicating that he would not be able to conduct the deposition because he was short staffed and would not be able to get the exhibits to Denver in time for the deposition the next day. *See* Exhibit 2. Plaintiff's counsel later said that he wanted to put off the deposition in order to give Mr. Aucone time to read the report belatedly submitted by Plaintiff's damages expert, which has since been stricken from the record. *See* Decl. of M. Werner. By the time Plaintiff's counsel contacted Defendant's counsel, she had already boarded a plane to Denver to prepare Mr. Aucone for the deposition. In addition, defense counsel and Mr. Aucone had already performed much of the legwork involved with preparing for an expert deposition. *Id.* Shortly after receiving the message, one of Defendant's other counsel advised Plaintiff's counsel that his colleague was already in Denver and asked if the deposition could go forward. *See* Decl. of R. Simpson. Plaintiff's counsel insisted that the deposition could not go forward on November 13, 2007. *Id.*

Plaintiff now wishes to reschedule the deposition and the parties have, in fact, rescheduled it for July 24, 2008. In light of the fact that eight months will have passed between the time Mr. Aucone and defense counsel originally prepared for the deposition and the time it

369777 v 1                                                              2

will presumably take place, Defendant will be required to incur all over again the fees and costs associated with traveling to Denver and preparing Mr. Aucone for his deposition.

Defendant thus was forced to incur significant, unnecessary costs in connection with preparing for Mr. Aucone's deposition and should not be forced to incur these costs all over again. Specifically, Defendant incurred $1,075.68 in connection with counsel's travel to Denver, $1,408.00 in connection with Mr. Aucone's preparation for the November 13, 2007 deposition and $2,115.00 in connection with counsel's preparation for the November 13, 2007 deposition. *See* Decl. of M. Werner. Under Rule 30(g) of the Federal Rules of Civil Procedure, Plaintiff should be ordered to reimburse Defendant for these expenses.

## II. RULE 30(G) PERMITS THIS COURT TO AWARD DEFENDANT HER REASONABLE EXPENSES IN CONNECTION WITH PLAINTIFF'S CANCELLATION OF THE AUCONE DEPOSITION

Rule 30(g) of the Federal Rules of Civil Procedure provides the recourse for a party in Defendant's position. Rule 30(g) specifically provides that:

> A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:
>
> (1)   attend and proceed with the deposition; …

*Id.*

Federal courts in a variety of jurisdictions have ordered a noticing party that cancels a deposition at the last minute to pay fees and costs incurred by the opposing party. Although not expressly a part of the rule, courts typically consider whether the notice of cancellation was reasonable. In one of the most recent cases on the subject, *Miller v. Dyadic Intern., Inc.*, No. 07-80948, 2008 WL 2116590 (S.D. Fla. May 20, 2008*)*, the noticing party argued that canceling a deposition by email less than 36 hours before the deposition was reasonable notice. The court noted that defense counsel needed to fly in for the deposition from out of state and concluded

that it would be reasonable to assume that defense counsel would be preparing to travel to Florida for the deposition at the time the email cancelling the deposition was sent. As a result, the court found that notice was not reasonable and ordered the plaintiff to pay the defendant's attorney's fees and costs in preparing for, traveling to, and attending the depositions. The Court also ordered the plaintiff to pay the defendant's attorneys fees for the time spent preparing and filing the motion for costs. *Id.* at *2-3.

Other courts have found notice to be unreasonable under similar circumstances. *See Root Bros. Farms v. Mak,* No. 05 Civ. 10863, 2007 WL 2789481, *8 (S.D.N.Y. Sept. 25, 2007) (holding that a voicemail to plaintiff's counsel over the weekend to cancel a deposition scheduled for the following Monday was insufficient notice); *Barrett v. Brian Bemis Auto World,* 230 F.R.D. 535, 536 (N.D. Ill. 2005) (holding that cancelling the deposition of plaintiff's expert witness warranted sanctions because defense counsel should have alerted plaintiff, in the two-week period prior to the deposition, that defense counsel intended to cancel).

Here, Plaintiff's counsel advised Defendant's counsel that he intended to cancel the deposition approximately 24 hours before it was scheduled to begin. Counsel's reasons for cancelling the deposition – that he was short staffed and unable to prepare the exhibits and that he wanted Mr. Aucone to review Plaintiff's belatedly submitted expert report – are without merit. Defendant should not be made to pay for Plaintiff's counsel's decision to wait until the day before the deposition to prepare the exhibits. Likewise, it was unreasonable to cancel the deposition based on the belated submission of a report by Plaintiff's damages expert. Plaintiff's damages expert's report, which has been stricken from the record, was submitted on the Friday afternoon before Mr. Aucone's Tuesday deposition. Again, Defendant should not be made to pay for Plaintiff's decision to submit an inordinately late expert report.

Even if these excuses were meritorious, there was no reason for counsel to wait until the day before the deposition to raise them with Defendant's counsel. Had Plaintiff's counsel notified Defendant's counsel of his intent to cancel the deposition more than one day in advance, Defendant could have avoided the costs incurred in canceling the deposition and she would not now be forced to seek a remedy from this Court. As described above, Plaintiff caused the Defendant to incur significant, unnecessary expenses in preparing for the deposition of Mr. Aucone. Accordingly, Plaintiff should reimburse Defendant for the fees and costs she incurred in connection with the cancelled deposition.

Furthermore, Defendant should be awarded the costs incurred in connection with bringing this motion. Plaintiff's actions have forced the Defendant to choose between bringing this motion or again incurring the costs necessary to prepare Mr. Aucone for deposition. It would be unfair to allow the Plaintiff to burden the Defendant with this motions practice. As a consequence, and in addition to the costs Defendant incurred in connection with the preparation of Mr. Aucone for deposition in November 2007, Defendant should be awarded the costs associated with bringing this Motion. Counsel's fees for drafting this motion total $1,715.00.[1] *See* Decl. of M. Werner.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion for Fees and Costs and enter an Order directing Plaintiff to pay the $4,598.68 in fees and costs incurred by Defendant in connection with Mr. Aucone's cancelled

---

[1] This does not include the research costs associated with the Motion or the fees incurred by the more senior attorneys on the file in connection with their work on the Motion.

November 2007 deposition and the $1,715.00 in fees incurred by the Defendant in connection with submitting the foregoing Motion.

                                                          Respectfully submitted,

DATED: June 19, 2008                                              s/ Meredith E. Werner
                                                                      Richard A. Simpson, D.C. Bar No. 411893
                                                                      Charles A. Jones, D.C. Bar No. 449127
                                                                      Meredith E. Werner, D.C. Bar No. 493455
                                                                      ROSS, DIXON & BELL, LLP
                                                                      2001 K Street, N.W.
                                                                      Washington, D.C. 20006-1040
                                                                      Phone: (202) 662-2000
                                                                      Fax: (202) 662-2134

                                                                      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Fees and Costs in Connection with the Cancelled Deposition of Expert Witness Robert F. Aucone was filed electronically with the Court on June 19, 2008.

                                                                 s/ Meredith E. Werner
                                                                 Meredith E. Werner

369777 v 1