IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, <br><br> Plaintiff, <br><br> v. <br><br> RITA M. BANK, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action No. 05-1826 RJL <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR FEES AND COSTS IN CONNECTION WITH THE CANCELLED DEPOSITION OF EXPERT WITNESS ROBERT F. AUCONE

COMES NOW, the Plaintiff, Joseph E. Stiglitz, by and through his undersigned counsel, David G. Whitworth, Jr., Whitworth & Trunnell, PA, and in opposition to Defendant's Motion for Fees and Costs in Connection with the Cancelled Deposition of Expert Witness Robert F. Aucone scheduled for November 13, 2007, states as follows:

**I.     FACTUAL BACKGROUND**

The parties in the above-captioned matter, through the efforts of their respective counsel have enjoyed a cooperative and professional relationship, for the most part, throughout the discovery process. In addition to the facts set forth by the Defendants in their Motion, the undersigned counsel's declaration, attached hereto as Exhibit 2, sets forth additional facts in support of the Opposition to this Motion as follows:

1.    Subsequent to the scheduling of Mr. Aucone's November 13, 2007 teleconference deposition set for 11:00 a.m. Denver, Colorado time, Plaintiff's undersigned counsel agreed to conduct the Aucone deposition from the offices of Ross, Dixon & Bell, LLP, defense counsel,

1

and was not informed at any time that one of the attorneys from that firm intended to travel to Denver to either prepare Mr. Aucone prior to the deposition, or to actually attend the deposition from Colorado.

2. After the scheduling of the November 13, 2007 deposition, on or about October 9, 2007, undersigned counsel received an Amended Notice of Deposition for Plaintiff's New York standard of care expert, Marci Wachtel, (Exhibit 1) to be conducted the day before Mr. Aucone's deposition in New York City beginning at 1:00 p.m. which, unlike Mr. Aucone's deposition, was to be conducted in person requiring counsel from both firm's to be present in New York at midday, the day before Mr. Aucone's teleconference deposition was to take place.

3. Undersigned counsel was scheduled to conduct both depositions, having only one other associate attorney in his five (5) attorney firm (Toni-Ann DiMaggio) available, whose appearance was entered in the above-captioned matter and who was familiar the documentation in this case, Undersigned counsel was relying on Ms. DiMaggio and one paralegal in the office who was also familiar with the documentation in the case (Jessica Mann) to complete the exhibit labeling and transmittal of the exhibits for the Aucone deposition to the Ross, Dixon & Bell, LLP office and to Mr. Aucone in Denver on Monday, November 12, 2007, in order for all participants to have the necessary labeled exhibits, in order to conduct Mr. Aucone's deposition on November 13, 2007.

4. Undersigned counsel had spent the two (2) days over the immediate prior weekend on November 10th and 11th identifying Aucone deposition exhibits and leaving express dictated instructions for the paralegal and associate counsel, all of the information necessary in order to complete the labeling, copying and transmittal of the exhibits in a timely manner on

Monday, November 12, 2007, in order to conduct Mr. Aucone's deposition on November 13, 2007.

5. Undersigned counsel, in order to meet with Ms. Wachtel before the 1:00 p.m. deposition on November 12, 2007, traveled by Amtrack train from BWI Airport to New York City from 6:45 a.m. to 10:45 a.m., and after the 9:00 a.m. opening of counsel's office in Crofton, contacted his office by cell phone while in transit, to ensure that the associate counsel and paralegal were completing the assigned task related to the transmittal of the Aucone deposition exhibits.

6. It was not until after 9:00 a.m. on Monday, November 12, 2007, that undersigned counsel became aware that the paralegal, Jessica Mann, had called in to the office ill, and was unavailable to assist and that the associate attorney, Toni-Ann DiMaggio, had been contacted over the weekend and required to attend an emergency ex-parte matter in a local domestic case, that would prevent her from being available throughout the day on November 12, 2007 to complete the exhibit documentation transmittal for the following day.

7. Thereafter, between 10:00 a.m. and 10:30 a.m., while still in transit, undersigned counsel contacted the office of defense counsel as set forth in Exhibit 2 to Defendant's Motion and regretfully informed defense counsel of the necessity to reschedule the deposition set in for the following day, due to the impossibility of being able to transmit the necessary deposition exhibits while undersigned counsel was in New York City for the entire day, without staff or associate counsel available to perform the necessary functions.

8. Plaintiff's counsel's office, as of November 12, 2007, due to employee turnover was already short one full-time position and therefore counsel was unable to obtain any backup assistance after determining that the other co-counsel in this case, Linda Hamilton, Esquire, was

also scheduled for court proceedings the entire day on November 12, 2007 and unavailable as well

9. The statement made by undersigned counsel to defense counsel Werner at a later deposition, when apologizing for the cancellation of Mr. Aucone's deposition was <u>not</u> that he <u>wanted</u> to cancel Mr. Aucone's deposition due to the recently submitted report by Michael Craig, a potential damages expert for Plaintiff, but rather a statement to the effect that in the event the Court would agree to let Plaintiff utilize Michael Craig's opinions as stated in his report in Plaintiff's case in-chief, that it would be appropriate to have Mr. Aucone review those opinions as well and to afford him the opportunity to do so, before his deposition was taken as to the opinions of Michael Craig's report, which, if the November 13, 2007 had gone forward, would have required an additional deposition session in any case.

## II. RULE (30)(g)(1) APPLIES WHEN A PARTY ATTENDS IN PERSON OR BY ATTORNEY, PURSUANT TO NOTICE, NOT TO PREPARATION.

1. Rule (30)(g)(1) of the Federal Rules of Civil Procedure provides that: "if the party giving the notice of the taking of a deposition fails to attend and proceed therewith and <u>another party attends in person or by attorney pursuant to the notice</u>, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in <u>attending</u>, including reasonable attorney's fees." (emphasis implied)

2. Unlike the cases cited by defense counsel in their motion for attorney's fees, the attorney's fees sought by defense counsel are <u>not</u> for the attendance of a deposition due to failure to provide timely notice. In deciding a motion for sanctions, the court should consider all the circumstances, such as whether the failure was inadvertent or in bad faith, when considering

sanctions. The events that occurred in the above-captioned matter are distinguishable from the facts in *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, (N.D. Ill. 2005), where the Motions for Sanctions were granted in part and denied in part and where counsel's staff confirmed that the deposition was going forward on the day before the deposition was to be held.

3. In the above-captioned matter, the notice by undersigned counsel was provided more than 24 hours in advance and the deposition was to be conducted by teleconference video from defense counsel's office, where presumably the Ross, Dixon & Bell, LLP counsel attending the deposition would at most only have to walk down the hall 24 hours later, had notice not been given. Equitably, Plaintiff should not be penalized by defense counsel's unilateral decision to have associate counsel travel to Denver, CO to meet with the expert in preparation, when the scheduling of the deposition itself, and the mode in which the deposition was to be conducted, only required the court reporter and the deponent to be present in Colorado.

4. In the instant matter, unlike the *Root Bros Farms v Mak*, No. 05 Civ. 10863, 2007 WL 2789481, *8 (S.D.N.Y. Sept. 25, 2007) case cited by defense counsel in their motion, defense counsel were informed at their office on a business day more than 24 hours in advance, that due to circumstances beyond Plaintiff's counsel's control, a rescheduling of a video conference deposition would be necessary, as opposed to the situation in *Root Bros Farms v Mak* (supra) where a message was left on the voice mail at a law firm over the weekend for a Monday morning deposition, which required an out of town flight to attend the deposition at 9:30 a.m. on Monday.

5. In the most recent case cited by defense, *Miller v. Dyadic Intern, Inc*, No. 07-80948, 2008 WL 2116590 (S.D. Fla. May 20, 2008), involved a motion for sanctions alleging 4 separate violations of the Rules, including failing to produce a witness at a properly noted

deposition, failing to attend another deposition, noticing depositions with the intent to harass and retaliate, and by filing a motion to compel without first conferring or attempting to confer. Again, the facts of the *Miller v Dyadic Intern., Inc* (supra) matter are distinguishable from the circumstances in the above-captioned matter or cases where the court decided as a result of such extreme circumstances, it was proper to award sanctions. To the contrary, in the above-captioned matter, the circumstances that led undersigned counsel to be forced to request a rescheduling of Mr. Aucone's videotaped deposition were not as a result of any intentional failure to cooperate with opposing counsel, or in any way to ignore undersigned counsel's duty to comply with the rules, but rather to an unexpected and unforeseen unavailability of staff when counsel was scheduled out of town at another deposition noted by opposing counsel, subsequent to the original scheduling of the date for Mr. Aucone's deposition, which was scheduled for teleconferencing in defense counsel's own office and therefore did not require out of town travel or inconvenience.

Defendant should not be awarded the costs incurred in bringing this motion for defense counsel's costs which were not incurred in the attendance of a deposition, pursuant to Rule 30 (g)(1).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this court deny Defendants Motion for fees and costs.

Dated: July 10, 2008                    Respectfully submitted,


                                                           s/ David G. Whitworth, Jr.
                                      David G. Whitworth, D.C. Bar No. 224139
                                      WHITWORTH & TRUNNELL, P.A.
                                      2101 Defense Highway
                                      Crofton, MD 21114
                                      (410) 793-3977
                                      dwhitworth@wstlaw.com
                                      *Attorney for Plaintiff*


**CERTIFICATE OF SERVICE**

I, David G. Whitworth, Jr., hereby certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion for Fees and Costs in Connection with the Cancelled Deposition of Expert Witness Robert F. Aucone, with attachments thereto was filed electronically with the Court on July 10, 2008.


                                                           s/ David G. Whitworth, Jr.
                                      David G. Whitworth, D.C. Bar No. 224139