# ROSS, DIXON & BELL, LLP

2001 K Street, N.W. • Washington, D.C. 20006-1040 • *p* (202) 662-2000  *f* (202) 662-2190

OCT -9 2007

RICHARD A. SIMPSON
DIRECT DIAL: (202) 662-2035
EMAIL: RSIMPSON@RDBLAW.COM

MEREDITH WERNER
DIRECT DIAL: (202) 662-2053
EMAIL: MWERNER@RDBLAW.COM

October 4, 2007

**VIA EMAIL AND FIRST-CLASS MAIL**

David G. Whitworth, Jr., Esq.
Toni-Ann DiMaggio
Whitworth & Trunnell, P.A.
2101 Defense Highway
Crofton, Maryland 21114

Re:   **Stiglitz v. Bank, Civil Action No. 05-1826 RJL**

Dear David and Toni-Ann:

Please find enclosed a Notice of Deposition Duces Tecum for Glenn C. Lewis and a Notice of Deposition Duces Tecum for Marcy Wachtel. Please let me know if you have any questions.

Sincerely,

ROSS, DIXON & BELL, LLP

By: _____
Richard A. Simpson
Meredith Werner



WASHINGTON • IRVINE • SAN DIEGO • CHICAGO

359178 v 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RITA M. BANK, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1826 RJL |

### AMENDED NOTICE OF DEPOSITION DUCES TECUM OF MARCY WACHTEL

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 30 and 34 and Rules 26.2 and 30.1 of the Local Rules for the United States District Court for the District of Columbia, Defendant Rita M. Bank will take the deposition of Marcy Wachtel upon oral examination, to be recorded by videographic and stenographic means, at the offices of Katsky Korins, LLP, 605 Third Avenue, New York, NY 10158.

The deposition will commence at 1:00 p.m. on November 12, 2007. If necessary, the deposition may be adjourned and continued from time to time until completed. The Plaintiff is instructed to produce prior to the deposition any and all documents and records responsive to the document request in Schedule A, which is attached hereto.

359177 v1

Respectfully submitted,

DATED: October 4, 2007

_____
Richard A. Simpson, D.C. Bar No. 411893
Charles A. Jones, D.C. Bar No. 449127
Meredith E. Werner, D.C. Bar No. 493455
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Phone: (202) 662-2000
Fax: (202) 662-2134

*Attorneys for Defendant*

359177 v 1                          2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition Duces Tecum of Marcy Wachtel was sent to David G. Whitworth, Whitworth & Trunnell, P.A., 2101 Defense Highway, Crofton, MD 21114 via first class mail on October 4, 2007.

_Meredith E. Werner_ /vse
Meredith E. Werner

359177 v1

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Rita M. Bank hereby requests that the Plaintiff produce all documents responsive to the following requests.

For the purpose of this Schedule A, the following terms shall have the following meanings:

## DEFINITIONS

A. "Document" means any and all documents encompassed within the meaning of Federal Rule of Civil Procedure 34, including, but not limited to, any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including without limitation, files, correspondence, contracts, brochures, diaries, reports, calendars, inter-office communications, electronic mail, statements, jottings, announcements, depositions, affidavits, photographs, computer disks, computer printouts or other computerized data, or any other writings whatsoever, tape recordings, video tapes, motion pictures and any carbon or photographic copies of any such material if the deponent does not have custody or control of the original. "Document" also includes and refers to the file or any container holding, or which once held, any documents, as well as to any writing or printing that might appear on such file or container. A draft, amendment, or non-identical copy is a separate document within the meaning of this term.

B. "Person" is defined as any natural person and any business, legal, or governmental entity or association, including, but not limited to, firms, partnerships, associations, corporations and divisions, departments or other units thereof, joint ventures, syndicates, a State, an agency or political subdivision of the State, or governmental agencies, departments, boards or bureaus, or any other entity.

359177 v1

C. The terms "relating to," "relate to," or "concerning" mean referring to, describing, evidencing, constituting, discussing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the manner discussed.

D. "You" and "Your" refer to Marcy Wachtel and all of Marcy Wachtel's employees, attorneys, and any other person(s) affiliated with Marcy Wachtel.

E. The term "Action" refers to the lawsuit captioned *Joseph E. Stiglitz v. Rita M. Bank*, Case No. 05-1826, pending in the United States District Court for the District of Columbia.

F. The phrase "Expert Report" refers to the expert report You prepared in connection with this Action.

## INSTRUCTIONS

A. This request for production of documents shall be deemed to be continuing. If You at any time subsequent to the production of documents in response hereto, and prior to the rendering of judgment in this action, obtain additional documents responsive to these requests, You shall promptly provide such documents for inspection and copying in accordance with the Federal Rules of Civil Procedure.

B. This request for production of documents seeks production of every version of the documents requested, including, but not limited to, copies of the documents with marginalia, additional attachments, additional printed or typed notes, indications or carbon copies, blind carbon copies or distribution lists, and drafts and revisions of the documents. Each and every document requested should be produced in its entirety, without abbreviation or expurgation and including all attachments or other matters affixed thereto.

359177 v1

C. If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for Your inability to produce the remainder and stating whatever information, knowledge or belief You have concerning the unproduced portion.

D. If any document is withheld under a claim of privilege, identify in writing on or before the date of production with respect to each such document:

    1. the nature of the document (i.e., letter, memorandum, etc.);

    2. the date of the document;

    3. the subject matter of the document;

    4. the type of privilege asserted;

    5. the factual basis for the claim of privilege;

    6. the document request to which the document is privilege;

    7. the author of the document;

    8. the author's title or position;

    9. the recipient of the document;

    10. the recipient's title or position; and

    11. the document designation number(s) assigned to the document containing the information for purposes of the present action.

E. If any request is objected to as being unduly burdensome, produce all documents available without reasonable burden and identify the number and nature of documents needed to be searched, the location of the documents and the number of person hours and other costs required to conduct the search.

F. If any responsive documents requested no longer exist or have otherwise been destroyed or discarded, identify each such document by stating:

359177 v 1

1.  the nature of the document;

2.  the author(s) and their address(es);

3.  any indicated or blind copies;

4.  the document's subject matter, number of pages and attachments or appendices;

5.  all persons to whom the document was distributed;

6.  the date of destruction or discard; and

7.  the persons authorizing or carrying out the destruction or discard.

## DOCUMENTS TO BE PRODUCED

1. Your complete file relating to this Action, including, but not limited to, all Documents furnished to You and all documents obtained or created by You that relate to this Action.

2. All documents you reviewed, examined, assessed, evaluated, analyzed, consulted, considered or referred to in preparation of your Expert Report.

3. All correspondence, including but not limited to email communications, between You and any third persons relating to this Action and/or to Your Expert Report.

4. All notes relating to this Action and/or to Your Expert Report.

5. All drafts and versions of Your Expert Report.

6. All time records, diaries, bills, and invoices prepared or rendered by You relating to this Action.

7. Copies of all publications authored or co-authored by You.

8. Copies of all transcripts of any deposition and/or trial testimony You gave as an expert witness in any lawsuit or dispute.