## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH E. STIGLITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1826 RJL |
| | ) | |
| RITA M. BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DECLARATION OF DAVID G. WHITWORTH, JR. IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES AND COSTS IN CONNECTION WITH THE CANCELLED DEPOSITION OF EXPERT WITNESS ROBERT F. AUCONE

David G. Whitworth, Jr. declares under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1.     I am an attorney with the law firm of Whitworth & Trunnell, PA, which represents Plaintiff Joseph E. Stiglitz in the matter referenced above. I was primarily responsible for conducting Defendant's damages expert, Robert F. Aucone, CPA's teleconference deposition scheduled for November 13, 2007.

2.     Subsequent to the scheduling of Mr. Aucone's November 13, 2007 teleconference deposition set for 11:00 a.m Denver, Colorado time, Plaintiff's undersigned counsel agreed to conduct the Aucone deposition from the offices of Ross, Dixon & Bell, LLP, defense counsel, and was not informed at any time that one of the attorneys from that firm intended to travel to Denver to either prepare Mr. Aucone prior to the deposition, or to actually attend the deposition from Colorado.



EXHIBIT

2

1

3.      After the scheduling of the November 13, 2007 deposition, on or about October 9, 2007, undersigned counsel received an Amended Notice of Deposition for Plaintiff's New York standard of care expert, Marci Wachtel, (Exhibit 1) to be conducted the day before Mr. Aucone's deposition in New York City beginning at 1:00 p.m. which, unlike Mr. Aucone's deposition, was to be conducted in person requiring counsel from both firm's to be present in New York at midday, the day before Mr. Aucone's teleconference deposition was to take place.

4.      Undersigned counsel was scheduled to conduct both depositions, having only one other associate attorney in his five (5) attorney firm (Toni-Ann DiMaggio) available, whose appearance was entered in the above-captioned matter and who was familiar the documentation in this case. Undersigned counsel was relying on Ms. DiMaggio and one paralegal in the office who was also familiar with the documentation in the case (Jessica Mann) to complete the exhibit labeling and transmittal of the exhibits for the Aucone deposition to the Ross, Dixon & Bell, LLP office and to Mr. Aucone in Denver on Monday, November 12, 2007, in order for all participants to have the necessary labeled exhibits, in order to conduct Mr. Aucone's deposition on November 13, 2007.

5.      Undersigned counsel had spent the two (2) days over the immediate prior weekend on November 10th and 11th identifying Aucone deposition exhibits and leaving express dictated instructions for the paralegal and associate counsel, all of the information necessary in order to complete the labeling, copying and transmittal of the exhibits in a timely manner on Monday, November 12, 2007, in order to conduct Mr. Aucone's deposition on November 13, 2007.

6.      Undersigned counsel, in order to meet with Ms. Wachtel before the 1:00 p.m. deposition on November 12, 2007, traveled by Amtrack train from BWI Airport to New York

2

City from 6:45 a.m. to 10:45 a.m., and after the 9:00 a.m. opening of counsel's office in Crofton, contacted his office by cell phone while in transit, to ensure that the associate counsel and paralegal were completing the assigned task related to the transmittal of the Aucone deposition exhibits.

7.      It was not until after 9:00 a.m. on Monday, November 12, 2007, that undersigned counsel became aware that the paralegal, Jessica Mann, had called in to the office ill, and was unavailable to assist and that the associate attorney, Toni-Ann DiMaggio, had been contacted over the weekend and required to attend an emergency ex-parte matter in a local domestic case, that would prevent her from being available throughout the day on November 12, 2007 to complete the exhibit documentation transmittal for the following day.

8.      Thereafter, between 10:00 a.m. and 10:30 a.m., while still in transit, undersigned counsel contacted the office of defense counsel as set forth in Exhibit 2 to Defendant's Motion and regretfully informed defense counsel of the necessity to reschedule the deposition set in for the following day, due to the impossibility of being able to transmit the necessary deposition exhibits while undersigned counsel was in New York City for the entire day, without staff or associate counsel available to perform the necessary functions.

9.      Plaintiff's counsel's office, as of November 12, 2007, due to employee turnover was already short one full-time position and therefore counsel was unable to obtain any backup assistance after determining that the other co-counsel in this case, Linda Hamilton, Esquire, was also scheduled for court proceedings the entire day on November 12, 2007 and unavailable as well.

10.     The statement made by undersigned counsel to defense counsel Werner at a later deposition, when apologizing for the cancellation of Mr. Aucone's deposition was not that I

wanted to cancel Mr. Aucone's deposition due to the recently submitted report by Michael Craig, a potential damages expert for Plaintiff, but rather a statement to the effect that in the event the Court would agree to let Plaintiff utilize Michael Craig's opinions as stated in his report in Plaintiff's case in-chief, that it would be appropriate to have Mr. Aucone review those opinions as well and to afford him the opportunity to do so, before his deposition was taken as to the opinions of Michael Craig's report, which, if the November 13, 2007 had gone forward, would have required an additional deposition session in any case.

Dated: July 10, 2008                     Respectfully submitted,


                                                 s/ David G. Whitworth, Jr.
                                          David G. Whitworth, D.C. Bar No. 224139
                                          WHITWORTH & TRUNNELL, P.A.
                                          2101 Defense Highway
                                          Crofton, MD 21114
                                          (410) 793-3977
                                          dwhitworth@wstlaw.com
                                          *Attorney for Plaintiff*