IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSEPH E. STIGLITZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RITA M. BANK, ) <br> ) <br> Defendant. ) | Civil Action No. 05-1826 RJL |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR FEES
AND COSTS IN CONNECTION WITH THE CANCELLED
DEPOSITION OF EXPERT WITNESS ROBERT F. AUCONE**

Defendant Rita M. Bank submits this reply memorandum in support of her motion for fees and costs in connection with the cancelled deposition of Robert F. Aucone, CPA, Defendant's damages expert. As explained more fully in the memorandum in support, Plaintiff's counsel cancelled Mr. Aucone's deposition approximately 24 hours before it was scheduled to begin, and after Defendant's counsel had already traveled to Denver to prepare with Mr. Aucone. In his opposition brief, the Plaintiff argues that he should not have to bear the fees and costs associated with the cancelled deposition because Plaintiff's counsel was short staffed prior to the scheduled deposition and because Defendant's counsel did not inform Plaintiff's counsel that she would be traveling to Denver for the deposition. Neither reason is sufficient to make the Defendant bear the burden of the $4,598.68 in fees and costs she incurred in connection with the cancelled deposition.

370755 v 1

**ARGUMENT**

Both sides agree on the key facts:

- In September 2007, the parties agreed to conduct Mr. Aucone's deposition on November 13, 2007, at 11 am EST;

- Plaintiff's counsel indicated that he wished to conduct the deposition via videoconference and Defendant's counsel agreed;

- At approximately 10:30 am on November 12, 2007, the day before the deposition was scheduled to begin, Plaintiff's counsel cancelled the deposition;

- By the time Plaintiff's counsel contacted Defendant's counsel, she had already boarded a plane to Denver to prepare Mr. Aucone for the deposition.

- Even after Plaintiff's counsel was advised that Defendant's counsel was in Denver, Plaintiff's counsel refused to go forward with the deposition on November 13, 2007.

Plaintiff's opposition brief includes a lengthy recitation of the reasons that Plaintiff's counsel was unable to go forward with the deposition on November 13, 2007. It boils down to the fact that Plaintiff's counsel waited until the weekend before the deposition to prepare and was unexpectedly short-staffed on the day before the deposition. While Plaintiff's counsel's situation is regrettable, Plaintiff's opposition brief does not make clear why the Defendant should have to bear the fees and costs associated with the cancelled deposition. The Plaintiff's opposition brief suggests that Plaintiff's counsel should not be liable for Defendant's costs because Defendant's counsel did not inform Plaintiff's counsel that she would be traveling to Denver for the deposition. It would have been reasonable for Plaintiff to assume, given the large number of documents produced by Defendant in connection with Mr. Aucone's report, that Defendant's counsel would be required to prepare Mr. Aucone for his deposition in person. It is

customary to prepare an out-of-town witness the day before a deposition, in order to reduce travel costs. Even if it were not foreseeable that Defendant's counsel would travel to Denver for the deposition, Plaintiff's counsel should still be responsible for the fees and costs associated with the cancelled deposition. A party that cancels a noticed deposition at the last minute, as Defendant's counsel did here, must bear the burden of the fees and expenses caused by its tardy action. Rule 30(g) of the Federal Rules of Civil Procedure does not include a requirement that the fees and expenses be foreseeable. But, even if did, it is hardly unforeseeable that there is a risk of not being able to complete logistical and substantive preparation for the deposition of an expert that involves a large volume of documents and complicated issues when an attorney waits until the literal last-minute to prepare. The deposition date was set far in advance precisely so all parties would have ample time to prepare and plan their logistics, which of course are more difficult for the deponent's counsel since she must prepare the witness.

Under these circumstances, Rule 30(g) could not be more clear. Rule 30(g) specifically provides that:

> A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:
>
> (1)    attend and proceed with the deposition; …

*Id*. Plaintiff focuses on the fact that the Rule refers to "reasonable expenses *for attending*" and concludes that only Defendant's counsel's travel expenses are recoverable and not the fees incurred in connection with preparing for the deposition. Such a narrow interpretation is not justified by the rule or case law. The expenses associated with attending a deposition include the time spent preparing for that deposition. This is especially true where, as here, a large gap between the noticed deposition and the rescheduled deposition means that the preparation has to

be undertaken again.  Such costs are clearly recoverable under Rule 30(g).  *See Miller v. Dyadic Intern., Inc.*, No. 07-80948, 2008 WL 2116590 (S.D. Fla. May 20, 2008*)* (holding that the party that cancelled the deposition had to pay for the other party's attorney's fees and costs in preparing for, traveling to, and attending the cancelled depositions. The Court also held that the party was entitled to recover attorneys fees for the time spent preparing and filing the motion).

The Plaintiff also attempts to distinguish the cases cited by Defendant.  However, notably absent from Plaintiff's opposition is citation to any cases in which a Court has declined to impose sanctions on a party in circumstances similar to those found here.  Despite the fact that they are not factually identical, the cases cited in Defendant's opening memorandum are instructive here.  In *Miller*, 2008 WL 2116590*,* the court rejected the noticing party's argument that cancelling a deposition by email less than 36 hours before the deposition was reasonable notice.  Here, notice was provided substantially less than 36 hours in advance.  The court in *Miller* also noted that that defense counsel needed to fly in for the deposition from out of state and concluded that it would be reasonable to assume that defense counsel would be preparing to travel to Florida for the deposition at the time the email cancelling the deposition was sent.

In *Root Bros. Farms v. Mak,* No. 05 Civ. 10863, 2007 WL 2789481, *8 (S.D.N.Y. Sept. 25, 2007) the Court held that a voicemail to plaintiff's counsel over the weekend to cancel a deposition scheduled for the following Monday was insufficient notice.  Defendant's counsel defended the last minute cancellation on the ground that the plaintiff did not produce documents necessary for the deposition until a few days before the deposition.  The court rejected this excuse, noting that "if defendants' counsel was not in a position to proceed with the deposition, for whatever reason, it was incumbent upon him to provide timely notice of that fact." *Id*. at *7. In *Barrett v. Brian Bemis Auto World,* 230 F.R.D. 535, 536 (N.D. Ill. 2005) the Court held that cancelling the deposition of plaintiff's expert witness warranted sanctions because defense

counsel should have alerted plaintiff, in the two-week period prior to the deposition, that defense counsel intended to cancel.

## CONCLUSION

In sum, Rule 30(g) provides the recourse in circumstances, such as the one here, in which a noticing party that cancels a deposition at the last minute. Specifically, Rule 30(g) provides that the noticing party is required to pay fees and costs incurred by the opposing party in connection with the cancelled deposition. Defendant incurred $1,075.68 in connection with counsel's travel to Denver, $1,408.00 in connection with Mr. Aucone's preparation for the November 13, 2007 deposition and $2,115.00 in connection with counsel's preparation for the November 13, 2007 deposition. *See* Memorandum, Decl. of M. Werner. Pursuant to Rule 30(g), Plaintiff should be ordered to reimburse Defendant for these expenses and for the $1,715.00 in fees incurred by the Defendant in connection with submitting the Motion.

Respectfully submitted,

DATED: July 21, 2008

    s/ Meredith E. Werner
Richard A. Simpson, D.C. Bar No. 411893
Charles A. Jones, D.C. Bar No. 449127
Meredith E. Werner, D.C. Bar No. 493455
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Phone: (202) 662-2000
Fax: (202) 662-2134

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Reply in Support of Defendant's Motion for Fees and Costs in Connection with the Cancelled Deposition of Expert Witness Robert F. Aucone was filed electronically with the Court on July 21, 2008.

                                                  /s/ Meredith E. Werner
                                                  Meredith E. Werner