# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RITA M. BANK )<br>Defendant. )<br>) | Civil Action No. 05-1826 RJL |

## PRETRIAL STATEMENT OF PLAINTIFF JOSEPH E. STIGLITZ

COMES NOW the Plaintiff, JOSEPH E. STIGLITZ, by and through his attorneys, David G. Whitworth and Linda M. Hamilton, pursuant to Local Civil Rule 16.5, and submits this Pretrial Statement.

### I.   STATEMENT OF THE CASE

The Plaintiff, JOSEPH E. STIGLITZ, retained the Defendant, RITA M. BANK, in August 2000 to represent him in divorce proceedings in the District of Columbia. When the Defendant was retained, both the Plaintiff and his former spouse, Jane Hannaway (hereinafter, Hannaway) were residents of the District of Columbia. The Defendant represented the Plaintiff until October 2002 when she advised the Plaintiff that she could no longer represent him due to a conflict of interest. Plaintiff alleges that Defendant committed legal malpractice that caused him damages. Defendant denies the Plaintiff's allegations.

This matter is based upon the diversity jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1332(a). The Plaintiff is a now a resident of the State of New York, and the Defendant is a resident of the State of Maryland. The Plaintiff has claimed in excess of $75,000 in damages.

1

## II. STATEMENT OF CLAIMS

The Plaintiff has filed a claim for legal malpractice against the Defendant during her representation, and alleges that the Defendant failed:

1. to negotiate a settlement of Plaintiff's divorce action in the District of Columbia within a reasonable time frame;

2. to file suit for divorce in the District of Columbia when explicitly instructed by the Plaintiff to do so in September 2002;

3. to advise the Plaintiff of the risks associated with not filing for the divorce promptly in the District of Columbia;

4. to advise the Plaintiff of the possible adverse impact upon his divorce proceedings if he relocated to the State of New York, especially to Manhattan, and established residency there;

5. to advise the Plaintiff that his establishment of residency in Manhattan would expose him to New York law that includes celebrity status and enhanced earning capacity as marital assets during divorce proceedings; and

6. to inform the Plaintiff of her intention to form a law firm with Hannaway's attorney during her representation of the Plaintiff. The Defendant began discussions to form a law firm with Hannaway's attorney during the spring of 2002. However, she did not inform the Plaintiff of this fact until October 2002.

## III. STATEMENT OF DEFENSES

The Defendant has not asserted any claims against the Plaintiff.

## IV. SCHEDULE OF WITNESSES

The Plaintiff will present the following witnesses:

1.      Glenn C. Lewis, Esquire*
　　　　The Lewis Law Firm, P.C.
　　　　805 - 15th Street NW, Suite 200
　　　　Washington, D.C. 20005

Mr. Lewis will testify to the relevant standard of care required of the Defendant, and as to her breach of the standard of care that caused Plaintiff damages in her representation of the Plaintiff in his divorce proceedings. Mr. Lewis, in support of Plaintiff's damages claims, will testify as to the timing, reasonable costs, expenses, and attorney's fees that would have been incurred had the divorce proceedings been filed by Defendant in the District of Columbia.

Time Estimate: Three (3) hours for direct testimony.

2.      Joseph E. Stiglitz, Ph.D.*
　　　　305 Riverside Drive, #8B
　　　　New York, N.Y. 10025

Dr. Stiglitz will testify regarding the Defendant's representation of him during his divorce proceedings and the damages he incurred as a result of Defendant's negligent representation. He will testify as to the communications with the Defendant, the advice he received from her, and the specific instructions given to the Defendant that were not followed.

Time Estimate: Five (5) hours for direct testimony.

3.      Marcy L. Wachtel, Esquire*
　　　　Katsky Korins, LLP-
　　　　605 Third Avenue, 16th Floor
　　　　New York, New York 10158

Ms. Wachtel will testify that Alton L. Abramowitz, Esquire met the relevant standard of care required of a New York attorney in the State of New York, and specifically Manhattan in his efforts to mitigate damages where celebrity status and enhanced earnings capacity are marital assets that can be distributed by the Court in divorce proceedings. Ms. Wachtel will attest to the high probability that the Plaintiff was exposed to additional substantial sums awarded to his

3

former spouse based upon these claims if the matter was litigated. Ms. Wachtel shall testify as to her opinions regarding the reasonableness of Mr. Abramowitz's representation and efforts to mitigate Dr. Stiglitz's damages as well as the necessity, reasonableness and fairness of the fees, expenses and costs charged to Dr. Stiglitz in the New York divorce proceedings. Ms. Wachtel will testify that the settlement the Plaintiff ultimately reached in New York was a reasonable mitigation of damages in light of the exposure faced at trial.

Time Estimate: Two (2) hours for direct testimony.

4.  Alton L. Abramowitz, Esquire
    Sherensky, Aronson and Mayefsky, LLP
    750 Lexington Avenue
    New York, N.Y. 10022

Mr. Abramowitz represented the Plaintiff in his divorce litigation in New York. He will testify regarding the necessity of reaching a settlement of the New York divorce litigation based upon the strong likelihood that under New York law, the Plaintiff would be exposed to sharing his future income and royalties with his former spouse under claims of "celebrity status" and/or "enhanced earning capacity". Mr. Abramowitz will testify regarding his efforts to mitigate Plaintiff's damages, including the efforts he undertook and the cost, expenses, and attorney's fees incurred on Dr. Stiglitz's behalf. Mr. Abramowitz will testify that the Plaintiff ultimately reached a settlement agreement in New York that far exceeded the amount that the Plaintiff would have incurred had the divorce been either settled or litigated in the District of Columbia.

Time Estimate: Two (2) hours for direct testimony.

## V. LIST OF EXHIBITS

To be furnished on February 2, 2010 pursuant to Court Order of July 2, 2009.

## VI. DESIGNATION OF DEPOSITIONS TO BE OFFERED INTO EVIDENCE

A.  Rita M. Bank

      B.      Jane Hannaway

      C.      Armin Kuder*

      D.      Elanor Alter

Dr. Stiglitz also reserves the right to present any of witnesses listed above as testifying live by deposition if they will not attend trial voluntarily and cannot be subpoenaed. Dr. Stiglitz also reserves the right to counter-designate deposition testimony for any witness Defendant presents by deposition.

## VII.  ITEMIZATION OF DAMAGES

Plaintiff Stiglitz is expected to offer two alternative damage methodologies in this matter.

**Damage Methodology One**

This damage methodology is based upon the divorce case proceeding to trial in the District of Columbia.

| DAMAGE DESCRIPTION (All figures taken to 2/1/2010 at the prevailing t-bill rate of return on the date of the cash flow with a term to 2/10/2010) | DAMAGE AMOUNT |
|---|---|
| 1. Present value of the differences in Stiglitz's actual versus expected legal expenses  Less his share of expected legal fees and Less his share of Hannaway's expected D.C. legal fees plus his payments to Hannaway's N.Y. legal fees as part of the Settlement. | $1,489,234.00 |
| 2. Present value of settlement of enhanced earnings claim | $859,174.00 |
| 3. Present value of the opportunity cost of Stiglitz's time wasted on litigation (present value of 500 hours @ $1,000.00/hr) | $715,978.00 |
| 4. Present value of Vanguard Account purchased with pre-marital funds | $494,773.00 |
| 5. Present value of half the past and future | $291,125.00 |

| | |
|---|---|
| payments from the World Bank Pension | |
| 6. Present value of mortgage payments | $197,478.00 |
| 7. Net income earned from April 1, 2002 through September 17, 2002 and deposited in bank account | $182,491.00 |
| 8. Excess royalties already paid plus excess royalties to be paid | $302,769.00-$375,368.00 |
| **TOTAL NET DAMAGES** | **$4,533,023.00 – 4,605,622.00** |

**Damage Methodology Two**

The measure of damages in this methodology is the difference between the settlement offer proposed by Hannaway in or around May 16, 2002 and the value of monies the Plaintiff was required to pay Hannaway pursuant to the August 2004 Stipulation.

| DAMAGE DESCRIPTION (All figures taken to 2/1/2010 at the prevailing t-bill rate of return on the date of the cash flow with a term of 2/1/2010) | DAMAGE AMOUNT, First Methodology | DAMAGE AMOUNT, Second Methodology | Difference between First and Second Methodologies |
|---|---|---|---|
| 1. Present value of the differences in Stiglitz's actual versus expected legal expenses<br>    Less his share of expected legal fees<br>    Less his share of Hannaway's expected D.C. legal fees<br>    Plus his payments to Hannaway's N.Y. legal fees as part of the settlement | $1,489,234.00 | $1,596,631.00 | $107,397.00 |
| 2. Present value of settlement of enhanced earnings claim | $859,174.00 | $859,174.00 | $0.00 |
| 3. Present value of the opportunity cost of Stiglitz's time wasted on litigation (present value of 500 hours @ $1,000/hr) | $715,978.00 | $715,978.00 | $0.00 |
| 4. Present value of | $494,773.00 | $0.00 | -$494,773.00 |

6

| | | | |
|---|---|---|---|
| Vanguard Account purchased with pre-marital funds | | | |
| 5. Present value of half the past and future payments from the World Bank Pension | $291,125.00 | $291,125.00 | $0.00 |
| 6. Present value of mortgage payments | $197,478.00 | $197,478.00 | $0.00 |
| 7. Net income earned from April 1, 2002 through September 17, 2002 and deposited in bank account | $182,491.00 | $33,325.00 | -$149,166.00 |
| 8. Excess royalties already paid plus excess royalties to be paid | $302,769.00 - $375,368.00 | $0.00 | $302,769.00 - $375,368.00 |
| 9. Total Royalties Paid to Hannaway minus 27½ of the difference in earned taxable income July 1, 2002 and June 30, 2005 | $0.00 | $96,591.00 | $96,591.00 |
| **TOTAL NET DAMAGES** | $4,533,023.00 - $4,605,622.00 | $3,790,302.00 | -$742,721.00 – -$815,320.00 |

## VIII. REQUEST FOR OTHER RELIEF

None.

Respectfully submitted,

David G. Whitworth, Jr. #224139
WHITWORTH & TRUNNELL, P.A.
2102 Defense Highway
Crofton, Maryland 21114-2401
Phone: (410) 721-7169
Fax: (410) 793-0291
DWhitworth@wstlaw.com

*[signature]*

Linda M. Hamilton, #336446
Law Offices of Linda M. Hamilton
1300 Mercantile Lane, Suite 149
Largo, Maryland 20774
Phone: (301) 925-7833
Fax: (301) 925-8368
PGLAWI@aol.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2010 a copy of the foregoing Pretrial Statement of Plaintiff Joseph E. Stiglitz was sent via electronic case filing and first-class mail, postage prepaid, to Richard A. Simpson, WILEY REIN , LLP, 1776 K Street, N.W., Washington, DC 20006.

*[signature]*

David G. Whitworth, Jr.