## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JOSEPH E. STIGLITZ,** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Civil Action No. 05-1826 RJL** |
| **RITA M. BANK,** | ) | |
| **Defendant** | ) | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF AUGUST 25, 2010 ORDER GRANTING DEFENDANT'S MOTION TO PRECLUDE PURPORTED DAMAGES EVIDENCE AND REQUEST FOR CLARIFICATION

Plaintiff, Joseph E. Stiglitz ("Stiglitz"), by and through his undersigned counsel, hereby respectfully submits this motion for reconsideration of this Court's Order of August 25, 2010 ("Order"), which granted Defendant Rita Bank's ("Defendant") motion to preclude plaintiff's purported damages evidence.  This motion is pursuant to Fed. R. Civ. P. 60(b) on the basis of mistake, inadvertence, and other reasons justifying relief.  In addition, Stiglitz also respectfully requests that this Court clarify the effect of the Order. For sake of brevity, Stiglitz adopts and incorporates the arguments presented in his Response in Opposition to Defendant's Motion to Preclude Plaintiff's Purported Damages Evidence as if fully restated herein.  *See* Paper No. 54.

A Request for Hearing and proposed Order are being filed concurrently with this motion.

## STANDARD FOR RECONSIDERATION

Federal Rule of Civil Procedure 60(b) permits a party on motion and just terms, to petition the District Court to reconsider an order granted by mistake, inadvertence, or for other reasons that justify relief. Fed. R. Civ. P. 60(b)(1),(b)(6). Courts have universally interpreted "other" to mean any other reasons than those enumerated in the above rule. *Baltia Airlines, Inc., v. Transaction Management, Inc.,* 98 F.3d 640, 642 (C.A.D.C., 1996). Rule 60(b) can be a vehicle for avoiding needless appeals and grants this Court substantial discretion in ruling on motions for reconsideration. *Center for Nuclear Responsibility, Inc., v. U.S. Nuclear Regulatory Com'n,* 781 F.2d 935, 940 (C.A.D.C. 1986). So long as the moving party demonstrates a meritorious claim, the Court may grant this motion. *Lepkowski v. U.S. Dept. of Treasury,* 804 F.2d 1310, 1314 (C.A.D.C., 1986).

## ARGUMENT

## I. PRECLUSION OF STIGLITZ'S PURPORTED DAMAGES EVIDENCE RESULTED FROM INCOMPLETE JUDICIAL OVERSIGHT

A party may petition the District Court to reconsider an order granted by mistake. Fed. R. Civ. P. 60(b)(1). The inclusion of the term "mistake" within Rule 60(b) and the liberalization of the Rule since its 1948 Amendment provide the Court with an opportunity, in its own discretion, to reconsider an Order based upon either its own potential error, or that of a party. *See, e.g. D.C. Federation of Civic Associations v. Volpe,* 520 F.2d 451 (C.A.D.C., 1979); *Carter v. Watkins,* 995 F.2d 305 (C.A.D.C., 1993). Stiglitz's timely response to the Order and the reasons set forth below, demonstrate the need for this Court to reconsider its Order.

## A. All Applicable District Court Rules Should Apply Before Issuing an Order

The Local Rules of the United States District Court for The District of Columbia ("Local Rules") govern all proceedings within the Court's jurisdiction. LCvR 1.1(a). Prejudice, injustice, and preventable appeals result when the court applies procedural rules in some proceedings, but not in others. So too here, the Local Rules should apply to every aspect of Stiglitz's case. Stiglitz submitted his Memorandum of Points and Authorities in Opposition to Defendant's Motion to Preclude Plaintiff's Purported Damages Evidence on March 24, 2010 ("Stiglitz Memo," attached hereto as Exhibit A). In his Memorandum, Stiglitz explicitly informed this Court that the Defendant failed to discuss with Stiglitz her anticipated motion to preclude his purported damages as *the Local Rules require.* (Stiglitz Memo, p. 8). After filing the Stiglitz Memo raising this procedural mishap on the Defendant's behalf, on April 20, 2010, the Defendant submitted a Reply Memorandum in Support of Motion to Preclude Plaintiff's Purported Damages Evidence. ("Reply Memo," attached hereto as Exhibit B).

The Defendant's Reply Memo responded to every point of opposition within the Stiglitz Memo, *except* the most vital point which revealed that the Defendant failed to inform Stiglitz of her intention to file a motion to preclude his damages evidence, in accordance with the Local Rules. The Defendant merely mentions in her Reply Memo "extensive ongoing discussions" between the parties to justify her failure to adhere to the Local Rules. (Reply Memo, p.6-7, FN 2.). This vital omission reveals the obvious:  the Defendant was and is well aware of her mistake to discuss the actual filing of the motion.

Without exceptions, Rule 7(m) of the District Rules provides:

"*Before* filing *any* nondispositive motion in a civil action, counsel *shall discuss* with opposing counsel, either in person or by telephone, in a good-faith effort to determine

3

whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." LCvR 7(m).

At no point in time did the Defendant ever come forth in a good faith effort to discuss with Stiglitz her nondispositive motion; she carelessly filed the motion with absolute disregard for the Local Rules. If the Defendant made a good-faith effort to discuss her intentions before filing the motion, Stiglitz would have been given the opportunity, as the rule mandates, to determine his opposition and to come to an agreement with the Defendant. Stiglitz was denied this opportunity and was unfairly prejudiced as a result. This Court inadvertently overlooked this important procedural dilemma when considering the Defendant's motion. Consequently, this Court issued an Order which, in all fairness, obstructs Stiglitz from receiving appropriate relief. The Court order effectively precludes Stiglitz, as a party, from providing any damages evidence.

Yet, herein remains the formidable paradox. The Defendant audaciously criticized and hypocritically precluded Stiglitz from proffering evidence on account of procedural gray areas concerning expert witnesses, when she in turn, committed disclosure errors to a more obvious degree. The Defendant cannot draw emphasis upon procedural shortcomings and refuse to incorporate these rules into her own practice. Moreover, this Court should not permit the Local Rules to apply in some instances and not others. In granting this Order, this Court effectively approved of a party's complete disregard for following *mandatory* Local Rules, and essentially issued this Order on such a premise. Accordingly, Stiglitz respectfully requests this Court reconsider its Order because of this mistake.

## B.  The Court Issued the Order Inadvertently and Should Reconsider its Action

Even if the Court was not mistaken when it issued the Order, the Court inadvertently overlooked the mandatory procedures for filing motions under the Local Rules, as stated above.  Rule 60(b) provides that this Court, in addition to grounds of mistake, may provide appropriate relief to Stiglitz from this Order based upon grounds of inadvertence.  Fed. R. Civ. P. 60(b)(1).  Since the Defendant did not comply with the mandatory Local Rules at the time she filed her nondispositive motion, and because the Court inadvertently failed to recognize this dilemma when it granted the Order, Stiglitz respectfully requests that this Court grant him relief from the Order on grounds of the Court's inadvertence.

## C. The Defendant Misinterpreted and Misapplied this Court's Precedent

In her Reply Memo, the Defendant cites *St. Paul Mercury Ins. Co.* as authority to exclude Stiglitz's testimony as a hybrid fact/expert witness.  The application of this authority is flawed for several reasons.   First, this Court did not exclude all of the testimony of the two hybrid fact/expert witnesses in question.  *See e.g., St. Paul Mercury Ins. Co. v. Capitol Sprinkler Co.,* 246 F.R.D. 56 (D.D.C. 2007).   Second, this Court prevented testimony on damages assessments made either *after* litigation commenced or independent of assessments of damages as a function of the witness's job as an insurance adjuster.  *Id.*  Stiglitz's expected testimony on damages is not derived from assessments made after litigation commenced; his knowledge of the damages assessments occurred before this litigation commenced. Finally, both expert witnesses in *St. Paul Mercury Ins. Co.* were employees of the party designating the experts, whereas here, Stiglitz himself is both a party to this case as well as a qualified hybrid fact/expert witness who was

5

neither retained, nor specially employed for this litigation.  Stiglitz, as a party, should be

permitted to testify as to the damages he incurred as a result of the Defendant's

negligence, especially since he identified himself as a potential expert, provided Answers

to Interrogatories outlining his damages, was deposed on three occasions by the

Defendant, and ***provided the Defendant with an Excel spreadsheet on which he made***

***his calculations***.  While the Defendant has apparently attempted to create the appearance

of prejudice by asserting that she has never received the "electronic version of the

spreadsheet," she fails to apprise this Court that Stiglitz provided her with a *pdf* version

of the spreadsheet and a hard-copy.  Copies of the relevant correspondence attaching or

enclosing said document are collectively attached hereto as Exhibit C.

### D. Stiglitz Never Retained or Specially Employed Himself as an Expert Within the Meaning of Federal Rule of Civil 26(a)(2)(B)

The Defendant erroneously argued that Federal Rule of Civil 26(a)(2)(B) required

Stiglitz to submit an expert report because Stiglitz was either retained or specially

employed to provide expert testimony.  However, Stiglitz did not employ either of these

two methods in order to designate himself as an expert witness.  "In the generally

accepted meaning of the term in everyday usage, 'retained' or 'specially employed'

ordinarily implies some consideration for being 'retained' or 'specially employed'" *Ager*

*v. Jane C. Stormant Hosp. & Training Sch. For Nurses,* 622 F.2d 496, 498 (10th Cir.

1980).  Here, Stiglitz did not give consideration to himself in exchange for his own

testimony, in this case which he is the Plaintiff.  The absence of consideration renders the

26(a)(2)(B) expert report requirement inapplicable to Stiglitz.  Even though Stiglitz is not

required to submit this report, he has submitted to the Defendant the basis of his

testimony subsequent to his proper designation as an expert witness.  Moreover, the

Defendant deposed Stiglitz on three occasions and also has notice of his purported

damages evidence within Stiglitz's Answers to Defendant's Interrogatories and

spreadsheet. The fact that this Court precluded the testimony of Stiglitz's prior expert

witness (Michael Cragg) because Stiglitz failed to timely disclose Cragg's testimony,

does not mean that the content and sufficient facts and data of Cragg's projected

testimony may never be replicated. Accordingly, Stiglitz should be able to testify as a

hybrid fact/expert witness and offer his purported damages evidence.

## II.  PRECLUSION OF EVIDENCE OF STIGLITZ'S PURPORTED DAMAGES IS NOT HARMLESS ERROR

The preclusion of evidence of Stiglitz's purported damages requires that justice

intervene to preserve Stiglitz's rights to recover potential damages. Federal Rule of Civil

Procedure 61 indicates that courts *should* disturb an Order when justice so requires due to

preclusion of evidence affecting a party's substantial right. Fed. R. Civ. P. 61. A party's

substantial rights are affected when the error is so prejudicial that it affected the outcome

of District Court proceedings. *United States v. Olano,* 507 U.S. 725, 734 (1993). Here,

the error concerning the preclusion of evidence of Stiglitz's purported damages is so

prejudicial to this case, that in the event this Court does not reconsider its order, the

resulting evidential preclusion will effectively impair Stiglitz's ability to participate in

proceedings that should exemplify the fairness and integrity of this Court.

Consequently, such error is not harmless and is so prejudicial that any judgment, verdict,

or order subsequently issued should be set aside.

### III. STIGLITZ ADDITIONALLY REQUESTS THIS COURT TO CLARIFY THE EFFECT OF THE INITIAL ORDER PRIOR TO RECONSIDERATION

Stiglitz, in addition to requesting this Court to reconsider its Order, respectfully requests a clarification on the effect of the Order.   The Order is unclear as to whether its effect was meant to preclude all evidence of purported damages set forth in Stiglitz's interrogatory responses, or whether this Court intended to preclude only certain evidence.

### CONCLUSION

Plaintiff Joseph E. Stiglitz respectfully requests that this Court reconsider the issuance of its August 25, 2010 Order for the above reasons.

Respectfully submitted:

David G. Whitworth, Jr. #224139
WHITWORTH SMITH, LLC
2101 Defense Highway
Crofton, Maryland 21114-2401
Phone: (410) 721-7169
Fax: (410) 793-0291
DWhitworth@wslegalmal.com

Linda M. Hamilton #336446
Law Offices of Linda Hamilton
1300 Mercantile Lane, Suite 149
Largo, Maryland 20774
Phone: (301) 925-7833
Fax: (301) 925-8368
PGLAWI@aol.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>2nd</u> day of September, 2010, a copy of the foregoing Motion for Reconsideration of August 25, 2010 Order Granting Motion to Preclude Purported Damages Evidence and Request for Clarification was sent via electronic filing and first-class mail, postage prepaid, to Richard A. Simpson, Esquire, WILEY REIN, LLP, 1776 K Street, N.W., Washington, D.C. 20006.

David G. Whitworth, Jr.