**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                     )
JOSEPH E. STIGLITZ,                          )
                                                     )
                    Plaintiff,                      )
                                                     )
        v.                                            )          Civil Action No. 05-1826 RJL
                                                     )
RITA M. BANK,                                   )
                                                     )
                    Defendant.                   )
_____)

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR**
**RECONSIDERATION OF AUGUST 25, 2010 ORDER GRANTING DEFENDANT'S**
**MOTION TO PRECLUDE PURPORTED DAMAGES EVIDENCE**

        Plaintiff Joseph E. Stiglitz ("Stiglitz") disagrees with this Court's August 25, 2010 Order,

and without citing any new fact or new law, and without making any new argument, asks this Court

to reconsider its ruling.  Stiglitz's motion is meritless and should be denied.

## INTRODUCTION

        On August 25, 2010, this Court granted Plaintiff Rita M. Bank's ("Bank") Motion to

Preclude Plaintiff's Purported Damages Evidence,[1] thereby precluding Stiglitz from circumventing

this Court's prior order striking his improper, untimely damages expert's testimony by presenting

expert damages testimony himself, where he is unqualified as an expert in the pertinent field *and*

failed to comply with the procedural requirements for proffering expert testimony *and* failed to

comply with the substantive requirement that expert testimony be based on sufficient data and be the

product of reliable methodologies which have been applied in a reliable manner.

---
[1] (Docket No. 46).  Bank's motion will be referred to herein as "Bank's Mot. to Preclude".

Unhappy with the result – which flowed directly from his own strategic decisions and procedural and substantive failures – Stiglitz grasps at straws in order to convince the Court to change its mind.  Indeed, Stiglitz baselessly theorizes that the Order must have resulted from this Court's "inadvertence" or "mistake."  In doing so, he simply rehashes issues that the Court already has considered and arguments that the Court already has rejected.

Stiglitz had ample opportunity to comply with the discovery deadlines and timely designate a qualified expert and provide an expert report, but elected not to do so.  Instead, Stiglitz attempted to serve an expert report nearly a year after the deadline for expert witness disclosures and only seven days before the close of expert discovery.  The Court properly precluded Stiglitz's expert from testifying.  Stiglitz then attempted to thwart the Court's ruling by acting as his own expert to present the exact same damages theories the Court previously had stricken.  However, Stiglitz is not qualified to act as the type of expert he is purporting to be and did not comply with either the procedural or the substantive requirements for experts outlined in the federal rules and this Court's Orders.  In short, Stiglitz offers no reason for the Court to reconsider its decision.

## STANDARD OF REVIEW

Stiglitz moves for reconsideration pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6).  *See* Plaintiff's Motion For Reconsideration of August 25, 2010 Order Granting Defendant's Motion to Preclude Purported Damages Evidence and Request for Clarification, at 2 (filed Sept. 2, 2010) ("Stiglitz's Mot. for Reconsideration").  As an initial matter, Rule 60(b) applies to "Relief from a *Final* Judgment, Order, or Proceeding." *Id.* (emphasis added).  The Court's August 25, 2010 Order addresses a motion in limine asking the court to preclude certain evidence and it was not a "final" order; accordingly, it appears that Rule 60 does not provide an avenue for the relief that Stiglitz seeks.  In any event, as discussed herein, Stiglitz does not meet the stringent standard set

forth under Rule 60 and does not otherwise provide any support for the extraordinary remedy he
requests.

As a general matter, motions for reconsideration are appropriate only in very rare
instances.  As the court in *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101
(E.D.Va.1983) aptly explained:

> The motion to reconsider would be appropriate where, for example,
> the Court has patently misunderstood a party, or has made a decision
> outside the adversarial issues presented to the Court by the parties, or
> has made an error not of reasoning but of apprehension.  A further
> basis for a motion to reconsider would be a controlling or significant
> change in the law or facts since the submission of the issue to the
> Court.  Such problems rarely arise and the motion to reconsider
> should be equally rare.

It is entirely improper to use a motion to reconsider to argue the same issues that have already
been litigated and decided.  *Id.*  ("Perhaps [Plaintiff's] new brief was better than its former brief
but that is not significant. Plaintiff improperly used the motion to reconsider to ask the Court to
rethink what the Court had already thought through-rightly or wrongly.").

With specific regard to Rule 60(b), in pertinent part, the Rule permits a court in its
discretion to "relieve a party" from a final judgment, order, or proceeding due to "(1) mistake,
inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief"
from the operation of the judgment.  Fed. R. Civ. P. 60(b)(1), (6).  "Relief under Rule 60(b)(1)
motions is rare; such motions allow district courts to correct only limited types of substantive
errors."  *Hall v. C.I.A.*, 437 F.3d 94, 99 (D.C. Cir. 2006).  "[R]elief will not be granted under
Rule 60(b)(1) merely because a party is unhappy with the judgment."  Charles Alan Wright &
Arthur R. Miller, *Federal Practice and Procedure*, § 2858, at 276 (2d ed. 2005).  Moreover,
relief is unavailable under Rule 60(b)(6) absent extraordinary and exceptional circumstances.
*Richardson v. District of Columbia* , No. 1:06-1665, 2007 WL 2007591, at *1 (D.D.C. July 11,

2007) ("Rule 60(b)(6) motions may be granted 'only in extraordinary circumstances'") (internal

quotation marks omitted), *aff'd in part*, No.07-7138, 2008 WL 2396186 (D.C. Cir. Feb. 13,

2008).

## ARGUMENT

## I.   STIGLITZ'S MOTION IS AN IMPROPER ATTEMPT TO RELITIGATE ARGUMENTS ALREADY FULLY BRIEFED AND DECIDED

Stiglitz is attempting to relitigate exactly the same issues that were fully briefed and before

the Court when it issued its August 25, 2010 Order.  Stiglitz offers no new facts and no new law to

support his plea for reconsideration, and his "motion" is essentially an improper surreply that should

be rejected.  *See Above the Belt,* 99 F.R.D. at 101 (a motion for reconsideration is improper when it

is used "to ask the Court to rethink what is had already thought through-rightly or wrongly").

### A.   The Court Properly Rejected Stiglitz's Meritless "Meet and Confer" Argument

Stiglitz continues to make the same baseless argument regarding improper certification of the

parties' Local Rule 7(m) conference.[2]  As an initial matter, Stiglitz admittedly already made this

point to the Court, and the Court rejected his argument.  *See* Stiglitz Mot. for Reconsideration, at 3-4

(stating that, in his Opposition to Bank's Mot. to Preclude, Stiglitz had "explicitly informed" the

Court of the "procedural mishap").  Other than his opinion that the Court got it wrong, Stiglitz

presents no support for his assertion that the Court's rejection of his argument regarding Rule 7(m)

certification resulted from any mistake or inadvertence or that extraordinary circumstances justify

reconsideration of the Court's decision.

In addition, the fact remains that the parties *did* engage in extensive ongoing discussions

regarding the propriety of and problems with Stiglitz's purported damages evidence.  Indeed, during

---

[2] Notwithstanding Stiglitz's fixation on this meritless argument, Stiglitz himself violated Local Rule 7(m) in failing

this long discussion process, Stiglitz provided four sets of interrogatory answers, each providing different damages claims, and Bank deposed Stiglitz on three different occasions in a futile attempt to understand exactly what damages Stiglitz was claiming and the basis for those claims.  Both sides aired their position and arguments before Bank's motion was filed.  At all times, counsel for Bank conveyed their strong position and conviction that none of Stiglitz's purported damages evidence is admissible and their intent to seek to exclude it.  As previously noted, these repeated efforts between counsel to address the issue more than complies with the substance of the meet and confer obligation of Local Rule 7(m).  *See* Bank's Reply Memorandum In Support of Motion to Preclude Plaintiff's Purported Damages Evidence, at 6 n.2 (filed Apr. 20, 2010) ("Bank's Reply").[3]  One additional phone call confirming one more time that Stiglitz would not voluntarily drop his purported damages testimony would not have changed anything.

Bank concedes that a certification confirming compliance with the meet-and-confer obligation should have been filed, and apologizes again for that procedural oversight.  However, if the motion had been denied because no certificate was filed, Bank simply could have refiled the same motion with the certification; the motion still would have been timely and before the Court on exactly the same merits arguments.  It would make no sense to require that a motion that has been fully briefed and decided on the merits be refiled.  As one court noted:

> Were the court to grant the plaintiffs' motion for reconsideration due to the alleged procedural defects, the granted relief (renewed briefing on the motion to dismiss) would accomplish nothing other than to waste the parties and the court's time – a frivolous end, indeed.

---

to meet and confer with Bank prior to filing this Motion for Reconsideration.
[3] (Docket No. 58).

*Reading v. United States*, 506 F. Supp. 2d 13, 18 (D.D.C. 2007).  The Court should reject Stiglitz's

wasteful proposition because re-briefing the exact same issue will not achieve a different result.[4]

### B.    The Court Properly Rejected Stiglitz's Excuses For Ignoring Rules Governing Expert Testimony

Stiglitz again tries to rehash his "hybrid fact/expert" witness theory in an attempt to justify

why he ignored all of the federal rules governing experts.  In his opposition to Bank's Mot. to

Preclude, Stiglitz already addressed at length his contention that he should be treated as a "hybrid

fact/expert" witness, and has had ample opportunity to address relevant precedent relating to his

assertions.  *See*  Stiglitz's Memorandum of Points and Authorities in Opposition to Bank's Mot. to

Preclude, at 5-7 (filed Mar. 24, 2010) ("Stiglitz's Opp'n.")[5].  The Court rejected Stiglitz's argument,

and there is no basis to revisit the contention again now.  Indeed, Stiglitz provides no explanation for

his conclusory assertion that the Court made a "mistake" or that there are other "extraordinary"

circumstances justifying reconsideration of his inapplicable "hybrid fact/expert" theory.

Putting aside entirely the impropriety of using a motion for reconsideration as a surreply to

reargue issues that the Court already has decided, the sole basis for Stiglitz's reconsideration plea

appears to be that Stiglitz disagrees with a parenthetical in Bank's reply brief describing *St. Paul*

*Mercury Insurance Co. v. Capitol Sprinkler Inspection, Inc.*, 246 F.R.D. 56 (D.D.C. 2007).[6]  As an

initial matter, Bank did not mischaracterize *St. Paul Mercury Ins. Co.* and, in fact, Stiglitz's

suggested interpretation is entirely inaccurate.  *St. Paul Mercury Ins. Co.*, 246 F.R.D. 56

---

[4] In addition, Stiglitz's argument ignores the obvious: a meet and confer between the parties about a motion to preclude would not "cure" the fatal, preexisting error that Stiglitz failed to timely designate a damages expert and failed to meet the Rule 26 requirements to the extent that he somehow considers himself an expert on damages.  Any alleged "prejudice" to Stiglitz comes only from his own strategic decisions in the litigation not to timely meet the Rule 26 requirements – not from the certification about the parties' pre-motion discussion of those deficiencies.

[5] (Docket. No. 54).

[6] *See* Bank's Reply, at 3; *see also St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 246 F.R.D. 56, 59 (D.D.C. 2007) (insurance claim handler qualified as a hybrid witness but, because no expert report had been produced, the court precluded the witness from testifying as to causation of the loss "or damages assessments made either after litigation commenced or independent of his . . . job as an insurance adjuster.").

indisputably did not allow the witness to offer opinion testimony on causation or damage assessments formed after the litigation commenced, i*d.* at 59, and this is the exactly the type of prohibited testimony that Stiglitz seeks to provide here.  In any event, it is readily apparent that Stiglitz's disagreement with a parenthetical in Bank's reply brief does not – and could not – provide any basis to ask the Court to reconsider its ruling.  *See Above the Belt,* 99 F.R.D. at 101.

Stiglitz next asserts that Rule 26's expert report requirements do not apply to him because he did not pay himself an expert fee and thus was not "retained" or "specially employed" as an expert. *See* Stiglitz's Mot. Reconsideration, at 6-7.  As an initial point, Stiglitz already made this argument in his opposition to Bank's Mot. to Preclude, and the Court already rejected it.  *See* Stiglitz's Opp'n., at 6.  Putting that aside entirely, the notion that Stiglitz can avoid the requirements of Rule 26 simply because he retained himself as an expert and intends to testify as an expert, but didn't pay himself an expert fee, is absurd.  Stiglitz cites no applicable law for this extraordinary theory, and it is directly contrary to this Court's holding that payment of an expert fee is not dispositive as to whether Rule 26's expert report requirements apply.  *See Kirkham v. Societe Air France*, 236 F.R.D. 9, 12 (D.D.C. 2006) ("'Retained' ordinarily implies some consideration, a payment or reward of some kind, for services rendered.  At the same time, payment alone would not be dispositive") (citation omitted). *See also Desrosiers v. Giddings & Lewis Mach. Tools LLC*, No. WDQ-07-2253, 2009 WL 4406149, at *2 (D. Md. Nov. 25, 2009) ("Of course, [Rule 26] does not specify that an exchange of consideration is a predicate for 'retention' or 'special employment'.  Rather, the distinction is that the party 'arranged for' the witness to give expert testimony to advance his case and that testimony goes beyond that of an eyewitness. Certainly, the Rule could not be read to relieve a world renowned expert of the written report requirement on a topic of great importance to a piece of litigation because the expert agreed to testify pro bono."), o*bjections sustained in part and overruled in part*

*sub nom. Desrosiers v. MAG Indus. Automation Sys., LLC*, No. CIV WDQ-07-2253, 2010 WL 2132826 (D. Md May 25, 2010).  Indeed, as Bank discussed in her Reply, case law establishes that even "hybrid fact/expert" witnesses (which Stiglitz claims he is) are required to provide expert reports if their testimony is being proffered as expert testimony, even if they have non-expert factual knowledge.  *See* Bank's Reply, at 2-4 (citing cases).

Moreover, Stiglitz wholly and conveniently ignores his additional failure to comply with Federal Rule of Evidence 702, which requires that an expert's testimony be based on sufficient data and be the product of reliable methodologies which have been applied in a reliable manner.  *See United States v. Day*, 524 F.3d 1361, 1368-69 (D.C. Cir. 2008) (upholding the trial court's exclusion of expert testimony because such testimony was "unreliable and unhelpful . . . under the requirements embodied in Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in *Daubert*"), *cert denied*, 129 S. Ct. 295 (2008); *United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007) (Rule 701(c), which prohibits lay witness testimony based on scientific, technical or other specialized knowledge, is intended "to eliminate the risk that the reliability requirements set forth in [Fed. R. Evid.] 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing"), *cert. denied*, 552 U.S. 1242 (2008).  As discussed in Bank's motion papers, Stiglitz has asserted four different sets of damages numbers, none of which are verifiable, and many of which Stiglitz has admitted are "estimates."  *See* Bank's Mot. to Preclude, at 11-12.  Stiglitz has provided no substantive explanation for the significant variations in his damages numbers and has never identified the data he relies on to come up with the claimed amounts.  *Id. at 13.*  The only "documentation" that Stiglitz has provided regarding his damages calculations admittedly contains "scribblings" that don't play any role in feeding into the damages numbers and other data that Stiglitz himself can't even explain.  *Id.*  Not surprisingly, Bank's expert cannot replicate Stiglitz's

calculations.  Stiglitz clearly has not complied with Fed. R. Evid. 702, notwithstanding his admission

that he must comply with that Rule.  *See* Stiglitz's Opp'n., at 5.

Finally, in an apparent attempt to rehash the argument that he complied with Rule 26's expert

requirements (despite his contention that he should be allowed to ignore that Rule), Stiglitz revisits

facts already fully addressed in the parties' motion papers, including that he provided a spreadsheet

to Bank that purportedly disclosed his damages computations.  This attempt at persuading the Court

to reconsider its Order is similarly fruitless.  The motion papers before the Court when it entered its

August 25, 2010 Order noted that Stiglitz had provided spreadsheets to Bank, but discussed the

myriad problems with the spreadsheets above and beyond the fact that they were not produced

electronically, including the threshold issue that the spreadsheet numbers don't match up with the

damages claimed in Stiglitz's interrogatory responses.  *See, e.g.,* Bank's Mot. to Preclude, at 13-14

(spreadsheets contain amounts that Stiglitz admitted differ from the amounts claimed in his

interrogatory responses and contain "scribblings" to himself that are "irrelevant" and "confusing"

and that do not "play any role in feeding into the conclusions"); Bank's Reply, at 9 (citing Bank's

damages expert's Declaration which explains that he cannot replicate Stiglitz's calculations for

multiple reasons).  Moreover, as discussed at length in Bank's briefing, the spreadsheet is not

sufficient to qualify as a Rule 26 expert report, even if Stiglitz qualified as a damages expert, which

he does not.

Accordingly, even if Stiglitz were permitted to rehash the previous briefing, his motion for

reconsideration fails for the same reasons as before, and only further confirms the correctness of this

Court's August 25, 2010 Order.

## II.     ANY PREJUDICE TO STIGLITZ IS SELF-INFLICTED

Stiglitz references the harmless error standard under Rule 61 of the Federal Rule of Civil Procedure and suggests that preclusion of the disputed damages evidence will cause prejudice to him and will not constitute harmless error.  However, as discussed herein and in Bank's motion papers, any prejudice to Stiglitz comes not from the Court's correctly decided Order, but rather from Stiglitz's own strategic advocacy and discovery failures.

As pointed out in the briefing on Bank's Mot. to Preclude, Stiglitz understood in his underlying divorce proceeding that the valuation of assets and division of property required expert testimony and he hired a cadre of experts to provide it.  In this action, Stiglitz essentially seeks to second-guess what happened in his previous divorce proceeding, and the damages that he now claims in this malpractice action also require testimony by damages experts.  Indeed, Stiglitz attempted to identify a damages expert but was grossly untimely in doing so – his attempt at serving an expert report came nearly a year after the deadline for expert witness disclosures and only seven days before the close of expert discovery.  This Court properly precluded Stiglitz's damages expert from testifying and Stiglitz cannot now attempt to thwart the Court's order by acting as his own damages expert to introduce the very same damages theories contained in his stricken expert's report, which Stiglitz admits is exactly what he is trying to do.  *See* Stiglitz's Mot. for Reconsideration, at 7 ("The fact that this Court precluded the testimony of Stiglitz's prior expert witness (Michael Cragg) because Stiglitz failed to timely disclose Cragg's testimony, does not mean that the content and sufficient facts and data of Cragg's projected testimony may never be replicated.  Accordingly, Stiglitz should be able to testify . . . and offer his purported damages evidence.").  Moreover, Stiglitz is not qualified as a damages expert and in any event failed to meet the expert disclosure requirements of Fed. R. Civ. P. 26 and does not comply with Fed. R. Evid. 702.

Any prejudice to Stiglitz comes from his own hand, and Stiglitz cannot blame this Court or Bank for his own conduct in this litigation.

## III.   THERE IS NO NEED FOR CLARIFICATION

In his Motion for Reconsideration, Stiglitz also requested that the Court "clarify" its August 25, 2010 Order.  There is no need for clarification.  Bank moved to preclude all of Stiglitz's purported damages evidence and provided ample factual support and legal authority confirming her position.  The Court granted Bank's motion.  Accordingly, Stiglitz is precluded from offering all of his purported damages evidence.

## <u>CONCLUSION</u>

Stiglitz simply seeks to relitigate an issue that he lost after having a full opportunity to address applicable law and present relevant facts.  His motion for reconsideration is nothing more than an improper surreply.  Accordingly, the Court should deny Stiglitz's motion and confirm that all of Stiglitz's purported damages evidence is excluded.

Respectfully submitted,

_____/s/ Richard A. Simpson_____
Richard A. Simpson, D.C. Bar No. 411893
Mary E. Borja, D.C. Bar No. 442462
WILEY REIN, LLP
1776 K Street, N.W.
Washington, D.C.  20006
Phone: (202) 719-7000
Fax: (202) 719-7049
Email:  rsimpson@wileyrein.com
        mborja@wileyrein.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2010 a copy of the foregoing Opposition to Motion for

Reconsideration was served electronically through the United States District Court for the District of

Columbia's ECF system upon the following:


David G. Whitworth
Wes P. Henderson
WHITWORTH & TRUNNELL, P.A.
2101 Defense Highway
Crofton, MD 21114-2401
Phone: (301) 261-0035
Fax: (301) 251-0114
Email: dwhitworth@wstlaw.com

Linda M. Hamilton
LAW OFFICES OF LINDA M. HAMILTON
1300 Mercantile Lane
Suite 149
Largo, MD 20774
Phone: (301) 925-7833
Fax: (301) 925-8368
Email: pglawi@aol.com


                    /s/ Richard A. Simpson
                    Richard A. Simpson
                    *Attorney for Defendant*

13190882.1