IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 05-1826 RJL |
| RITA M. BANK, | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO REAFFIRM THE COURT'S ORDER PRECLUDING PLAINTIFF'S PURPORTED EVIDENCE OF "LOST OPPORTUNITY" DAMAGES

Plaintiff, Joseph E. Stiglitz ("Dr. Stiglitz"), by and through his undersigned counsel, hereby respectfully submits this Opposition to Defendant Rita M. Bank's ("Defendant") Motion in Limine to Reaffirm the Court's Order Precluding Plaintiff's Purported Evidence of "Lost Opportunity" Damages ("Motion in Limine") and respectfully states the following:

### INTRODUCTION

Dr. Stiglitz has appropriately identified, through his own personal knowledge, lost opportunities he should have been able to benefit from instead of spending hundreds of hours in New York litigation. Dr. Stiglitz has identified his lost opportunity damages appropriately and in accordance to the representations this Honorable Court made to both parties during the April 21, 2011 Pretrial Conference. Still, the Defendant relies on case law inapplicable to Dr. Stiglitz, as well as their own generic assertion that *all* evidence be precluded related to Dr. Stiglitz's lost opportunity damages which are neither unsubstantiated, nor speculative. As the Defendant concedes in her own motion, Dr.

Stiglitz has produced documentation evidencing the number of opportunities that he was offered during the course of his New York litigation, such that he can certainly provide a substantial and quantifiable basis for his claims.

## ARGUMENT

### I. PLAINTIFF'S SUBSTANTIATED LOST OPPORTUNITY DAMAGES ARE BASED ON HIS PERSONAL KNOWLEDGE

Dr. Stiglitz's lost opportunity damages are neither unsubstantiated, nor "entirely" speculative. Dr. Stiglitz carefully substantiated these damages based upon two factors: (1) Dr. Stiglitz's hourly rate and (2) the approximate hours Dr. Stiglitz spent in the New York litigation instead of the hours he would have spent advancing his career. The Plaintiff's hourly rate for his professional endeavors is $1,000.00. This fact is under the sole discretion of the Plaintiff himself and no reason exists to challenge his ability to set his own hourly rate. When examining the amount of time the Plaintiff spent in his New York divorce litigation based on the Plaintiff's attendance and preparatory matters, the Plaintiff concluded that he reasonably spent 500 hours for litigation matters that never should have taken place in New York. Using simple multiplication ($1,000.00 x 500 = $500,000.00), the Plaintiff reasonably concluded that he lost approximately $500,000.00 of lost professional opportunities. This evidence is relevant to the negligent representation the Defendant provided.

Relevant evidence is evidence having any tendency to make the existence of any fact more or less probable than it would be without the evidence. *See* Fed. R. Evidence 401. Such evidence is admissible when its probative value is not substantially outweighed by prejudice. *See* Fed. R. Evidence 403. Here, Plaintiff's lost opportunity damages relate to the Defendant's negligence because, as a result of her actions, Plaintiff

2

was forced to forego professional opportunities. The Plaintiff's testimony regarding his lost opportunities is based on more than mere speculation, and he should be able to testify to what professional activities he would have engaged in, but for the Defendant's malpractice.

## II. THIS HONORABLE COURT HAS PREVIOUSLY STATED THAT THE PLAINTIFF MAY TESTIFY TO ITEMS WITHIN HIS OWN PERSONAL KNOWLEDGE

This Honorable Court has broad discretion in exercising reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth. *See* Fed. R. Evidence 611. Preventing the Plaintiff from presenting his damages based on his own personal knowledge would prevent the truth from surfacing. The Defendant is certainly free to cross-examine the Plaintiff and test the basis for his claim. Accordingly, the Plaintiff respectfully requests that the Defendant's motion be denied.

## CONCLUSION

The Plaintiff's lost opportunity damages are based on his own personal knowledge. The intent of this Court is clear in that it previously stated that the Plaintiff may testify to items he personally paid, which is consistent with Fed. R. Evidence 701. Similarly, lost opportunity damages are claims not under the umbrella of expert testimony. Consequently, Plaintiff may testify to these damages despite the Defendant's efforts to the contrary. Defendant's motion must be denied.

Respectfully Submitted:

/s/ David G. Whitworth, Jr.
David G. Whitworth, Jr. #224139
Wes P. Henderson #502935
Whitworth Smith, LLC
2101 Defense Highway
Crofton, Maryland 21114-2401
Phone: (410) 721-7169
Fax: (410) 793-0291
Dwhitworth@wslegalmal.com
wph@hendersonlawllc.com

/s/ Linda M. Hamilton
Linda M. Hamilton #336446
Law Offices of Linda Hamilton
1300 Mercantile Lane, Suite 149
Largo, Maryland 20774
Phone: (301) 925-7833
Fax: (301) 925-8368
PGLAWI@aol.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2011, a copy of the foregoing Plaintiff's Response to Defendant's Motion in Limine to Reaffirm the Court's Order Precluding Plaintiff's Purported Evidence of "Lost Opportunity" Damages was sent via electronic filing and Federal Express delivery to Richard A. Simpson, Esquire, Mary Borja, Esquire, Kimberly Ashmore, Esquire, WILEY REIN, LLP, 1776 K Street, N.W., Washington, D.C. 20006.

                                                    s/ David G. Whitworth, Jr.
                                                    David G. Whitworth