UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 05-1826 (RJL) |
| | ) |
| RITA M. BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM ORDER
(June /2, 2011) [##78, 80]

Plaintiff Joseph E. Stiglitz ("plaintiff") filed this legal malpractice lawsuit against his former attorney, Rita M. Bank ("defendant"). Before the Court are two of defendant's motions *in limine*: Defendant's Motion *In Limine* to Reaffirm the Court's Order Precluding Plaintiff's Purported Evidence of "Lost Opportunity Damages" [Dkt. #78] and Defendant's Motion *In Limine* to Reaffirm the Court's Order Precluding Plaintiff's Purported Evidence of Damages Claims That Require Testimony By a Damages Expert [Dkt. #80]. Upon review of the pleadings, the applicable law, and oral argument on the motions, defendant's motions are GRANTED.

### ANALYSIS

In August 2000, plaintiff retained defendant to represent him in divorce proceedings in the District of Columbia. Plaintiff alleges that defendant committed legal malpractice that caused economic damages. In November 2006 – almost a year after the deadline for expert disclosures – plaintiff offered Michael Cragg as an expert who would

testify about economic damages. *See* Pl.'s Rule 26(b)(4) Statement, Nov. 15, 2006 [Dkt. #15]. This Court granted in part defendant's Motion to Strike [Dkt. #22], striking Cragg's expert report from the record and precluding his testimony on *any* of the topics addressed in his expert report. *See* Minute Order, Jan. 7, 2008. Then, in response to interrogatory responses plaintiff filed, defendant filed a motion *in limine* to preclude plaintiff from serving as his own expert on economic damages – that is, to preclude him from offering evidence of, or testifying to, those damages. *See* Def.'s Mot. to Preclude Pl.'s Purported Damages Evidence, Jan. 19, 2010 [Dkt. #46]. On August 25, 2010, this Court granted defendant's motion by minute order. During an April 21, 2011 pre-trial conference, this Court reiterated its position that plaintiff is not permitted to serve as his own expert witness.

Despite all of these rulings, plaintiff, in his pretrial statement, listed himself as a witness and claimed that he will testify about the "damages he incurred." Pl.'s Am. Pretrial Statement, Apr. 20, 2011 [Dkt. #74]. In light of the Court's ruling that plaintiff may not serve as his own expert, and with no other economic-damages expert retained, the only remaining question is whether the damages evidence plaintiff seeks to introduce requires expert testimony. I believe that it does.

Despite plaintiff's claims that the purported economic damages in this case are "straight-forward," "simple," and do not require expert testimony, *see* Pl.'s Resp. to Def.'s Mot. in Limine, May 20, 2011 [Dkt. #84] at 3-6, 14, it is clear to this Court that the damages calculations at issue here are, in fact, quite complicated. Indeed, the type of damages evidence plaintiff seeks to introduce requires the complex measurement and

comparison of different monetary assets at different points in time. Moreover, the evidence requires application and explanation of economic concepts such as net present value and discount rates, among other sophisticated calculations. *See, e.g.*, Def.'s Mot. *in Limine*, May 6, 2011 [Dkt. #80] at 7, 11. Needless to say, testimony about this type of analysis falls squarely within the type of "specialized knowledge" which may only be offered by "a witness qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Ev. 702. And an expert is the only type of witness who may testify to such specialized knowledge; a lay person may not offer this type of analysis, nor may a party disguise expert testimony as lay for the purposes of circumventing FRE 702. *See* Fed. R. Ev. 701 (lay witness may not offer testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702").

Plaintiff alleges economic damages which can only be proven by expert testimony. Because plaintiff cannot serve as his own expert, and because he offers no other expert on the topic, Defendant's Motion *In Limine* to Reaffirm the Court's Order Precluding Plaintiff's Purported Evidence of Damages Claims That Require Testimony By a Damages Expert [Dkt. #80] is GRANTED. To the extent plaintiff offers evidence or testimony regarding economic damages, it must be limited to evidence of additional legal fees and expert fees plaintiff incurred in New York.

With respect to plaintiff's purported "lost opportunity" damages, this Court previously excluded evidence of such damages. *See* Minute Order, Aug. 25, 2010 (granting Def.'s Mot. to Preclude Pl.'s Purported Damages Evidence [Dkt. #46]). Then, as now, plaintiff's purported "lost opportunity" damages are entirely speculative and

therefore are not admissible in trial. Therefore, Defendant's Motion *In Limine* to Reaffirm the Court's Order Precluding Plaintiff's Purported Evidence of Damages Claims That Require Testimony By a Damages Expert [Dkt. #80] is GRANTED.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion *In Limine* to Reaffirm the Court's Order Precluding Plaintiff's Purported Evidence of "Lost Opportunity Damages" [Dkt. #78] and Defendant's Motion *In Limine* to Reaffirm the Court's Order Precluding Plaintiff's Purported Evidence of Damages Claims That Require Testimony By a Damages Expert [Dkt. #80] are GRANTED.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge