UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH E. STIGLITZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 05-1826 (RJL) |
| RITA M. BANK, | ) ) ) |
| Defendant. | ) ) |

MEMORANDUM ORDER
(June /2, 2011) [##79, 81]

Plaintiff Joseph E. Stiglitz ("plaintiff") filed this legal malpractice lawsuit against his former attorney, Rita M. Bank ("defendant"). Before the Court are two of defendant's motions *in limine*: Defendant's Motion *In Limine* As To Scope of Alton Abramowitz and Marcy Wachtel Testimony [Dkt. #79] and Defendant's Amended Motion *In Limine* As to Scope of Glenn Lewis Testimony [Dkt. #81]. Upon review of the pleadings, the applicable law, and oral argument on the motions, defendant's Motion *In Limine* As To Scope of Alton Abramowitz and Marcy Wachtel Testimony is GRANTED and Defendant's Amended Motion *In Limine* As to Scope of Glenn Lewis Testimony is GRANTED IN PART and DENIED IN PART.

ANALYSIS

Defendant seeks to preclude plaintiff's fact witness, Alton Abramowitz, and expert witness, Marcy Wachtel, from presenting testimony concerning (1) any opinion about what the hypothetical result would have been if plaintiff's divorce had been litigated or

1

settled in the District of Columbia; and (2) any opinion regarding whether the hypothetical result in the District of Columbia would have been more favorable to plaintiff than the actual settlement in New York. It is hereby ORDERED that the motion is GRANTED.

Defendant also seeks to preclude plaintiff's expert witness, Glenn Lewis, from testifying about (1) when a divorce proceeding in the District of Columbia would have concluded and what fees and expenses would have been incurred during the proceeding; and (2) what the outcome of a divorce action in the District of Columbia would have been. To the extent plaintiff seeks to introduce expert testimony about general time ranges for matrimonial litigation in the District of Columbia, or general ranges of expenses for such litigation, Mr. Lewis is permitted to testify about those topics based on his (more than) thirty years of experience as a matrimonial lawyer in the District, and defendant's motion is DENIED.

However, to the extent plaintiff seeks to introduce expert testimony about the likely outcome of a divorce case in the District Columbia, this Court will not permit such speculation and, to that extent, and defendant's motion is GRANTED.

## CONCLUSION

For all of the foregoing reasons, defendant's Motion *In Limine* As To Scope of Alton Abramowitz and Marcy Wachtel Testimony [Dkt. #79] is GRANTED and Defendant's Amended Motion *In Limine* As to Scope of Glenn Lewis Testimony [Dkt. #81] is GRANTED IN PART and DENIED IN PART.

_____
RICHARD J. LEON
United States District Judge